[Bryant v. The State.]

# Bryant *v.* The State.

*Indictment for Living in Adultery or Fornication.*

1. *Living in adultery or fornication; conviction of misdemeanor, under indictment charging felony.*—Under an indictment which describes the defendants as a negro man and a white woman, and charges them with the statutory felony of living together in adultery or fornication (Code, § 4189), if the evidence fails to prove that the man is a negro, or of negro blood, a conviction may be had of a misdemeanor in living together in adultery or fornication (*Ib.* § 4184); since the misdemeanor is necessarily included in the felony (*Ib.* § 4904), and a conviction or acquittal of the latter would be a bar to a subsequent prosecution for the former.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAS. E. COBB.

S. F. RICE, and COLLIER, for appellant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—Defendant, with another, was indicted under section 4189 of the Code of 1876. That section makes it a felony for any white person and a negro, or descendant of a negro to the third generation inclusive, to intermarry, or live in adultery or fornication with each other. The indictment charged, "that Washington Bryant, a negro man, or the descendant of a negro within the third generation, and Jemima Hardeman, a white woman, did live together in a state of adultery or fornication." The verdict of the jury was, "We, the jury, fail to find Wash. Bryant to be a negro, but find the defendants guilty of living together in fornication;" and they assessed fines against each, under section 4184 of the Code, upon which judgments were rendered against them. The section last named constitutes adultery or fornication between a man and woman of the same race a misdemeanor, punishable with a money fine. This conviction and sentence of the lesser offense was in accordance with the ruling of the trial court, to which defendant Bryant reserved an exception; and he brings the case to this court for review, on his exception thus reserved.

It is here contended, that under an indictment for this statutory felony, there can not be a conviction for the lesser offense, although every ingredient of the misdemeanor is necessarily

3

embraced in the statutory felony. We hold this position un-
tenable, for the following reasons: Section 4904 of the Code
declares, that "When. the indictment charges an offense of
which there are different degrees, the jury may find the de-
fendant not guilty of the degree charged, and guilty of any
degree inferior thereto, or of an attempt to commit the offense
charged; and the defendant may be also found guilty of any
offense which is necessarily included in that with which he is
charged, whether it be a felony or misdemeanor." The offenses
of simple fornication and simple adultery are necessarily in-
cluded in the crime charged in the indictment in this cause.

In *Sanders v. The State*, 55 Ala. 42, the defendant had been
tried and convicted of maltreatment of a convict sentenced to
hard labor for the county, by chaining him to a plow.—Code,
§ 4320. He was a second time indicted for assaulting the same
convict with a chain. He pleaded the former conviction in
bar. This court said : "The maltreatment charged in the for-
mer indictment necessarily involved an assault and battery—
the infliction of unlawful violence on the person of the con-
vict. . . Applying the test which generally determines the
sufficiency of the plea of *antrefois convict*, or *antrefois acquit*
—whether the facts alleged in the second indictment, if proved,
would have warranted a conviction on the first indictment—
the evidence sustained the plea, and the court erred in over-
ruling it." We held the plea good, and allowed the defense.
Applying the principles of that case to this, if there had been
an acquittal under the indictment found, the defendants could
not have been again indicted for a simple living together in
fornication, between persons of the same race.

Under a statute of Massachusetts, the offense of assault and
battery, if committed on an officer of the law, in hindering
and opposing him in the due and lawful execution of the duties
of his office, was constituted a special misdemeanor. In *Com.
v. Kirby*, 2 Cush. 577, the defendant was indicted for assault-
ing one "Sanderson, being a constable, . . legally author-
ized and duly qualified to discharge the duties of said office,
and being then and there in the due and legal exercise and
performance of said duties of said office, and him then and
there, while he, the said Sanderson, was in the due and lawful
execution of his said office, unlawfully, knowingly and design-
edly, did hinder and oppose," &c. The defendant was con-
victed, but a question was raised whether Sanderson was an
officer. The court ruled, that if all the averments of the in-
dictment, charging that Sanderson was an officer, were rejected,
"there would still remain a full and technical charge of an as-
sault upon the person of Joseph Sanderson; and upon this
charge it would be competent to render judgment on this in-

dictment, for the offense of a simple assault. The only doubt, then, is, whether upon this indictment a judgment is to be entered and sentence awarded for a simple assault, or for an assault with the aggravation that it was made upon a constable while in the discharge of the duties of his office, and with the design of hindering and opposing him in the due execution of such official duty."

Assault with intent to murder, maim, rob, or ravish, is a statutory felony; yet it can not be questioned, that under such indictment, the defendant may be acquitted of the felonious intent, and convicted of a simple assault.—*Mooney v. The State*, 33 Ala. 419; *Richardson v. The State*, 54 Ala. 158; *Green v. The State*, 68 Ala. 539; *Moore v. The State*, 71 Ala. 307; *Wilcox v. The State*, 40 Amer. Rep. 53. See, also, *State v. Stephens*, 15 Ala. 554; *Henry v. The State*, 33 Ala. 389.

The question in this case is not one of needless particularity in the description of the offense, which, when resorted to, imposes the necessity of particular proof, commensurate with the particular charge. That rule does not, and can not apply, when, as in this case, the higher offense charged, necessarily includes and contains all the elements of a lesser offense. If it did, section 4904 of the Code would have no field of operation.

In *Skains v. The State*, 21 Ala. 218, the defendant had been convicted of a higher offense, on an indictment charging a minor offense, which was included in the offense of which the conviction was had. This court rightly reversed the ruling. The major includes the minor, but the minor does not include the major. *Barbour County v. Brunson*, 36 Ala. 362, and *Walker v. The State*, 73 Ala. 17, exert no influence on the questions raised by this record.

Affirmed.