# Kennon & Brother *v.* Western Union Telegraph Company.

## *Action for Damages against Telegraph Company.*

1. *When principal may sue on contract made by agent.*—If an agent in New York delivers and pays for a telegraphic message to be forwarded to his principal in Alabama, whose name he discloses, the principal may sue in his own name on account of the failure to deliver the message within a reasonable time.

2. *Damages, nominal and special.*—For the failure to deliver a telegraphic message within a reasonable time, the price paid for sending it is recoverable as damages, although no special damages are sufficiently averred or proved; and nominal damages may be recovered, although there is no proof that anything was paid for sending it.

3. *Demurrer to complaint, good only as to part of damages claimed.* In an action to recover damages for a breach of contract, a demurrer does not lie to the complaint, or to any entire count, because some of the damages claimed by it are not recoverable, or are not sufficiently averred.; the remedy is by motion to strike out, by objections to evidence, or by instructions to the jury.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHEL.

This action was brought by the appellants, W. P. Kennon & Bro., against the Western Union Telegraph Company; and sought to recover damages for the failure to deliver a telegram to the plaintiffs within a reasonable time from its sending. The facts, as alleged in the verified complaint, are, that, by agreement of the plaintiffs with Mohr, Honaman & Co., merchants in the city of New York, who were agents of the plaintiffs, the said Mohr, Honaman & Co. were to keep the plaintiffs posted as to the condition of the cotton market—the plaintiffs averring that they had 1500 bales of cotton held for sale. In compliance with the said agreement, Mohr, Honaman & Co. delivered unto defendant corporation in New York

| 92 | 399 |
| 93 | 33 |

| 92 | 399 |
| 94 | 228 |
| 94 | 419 |

| 92 | 399 |
| 99 | 27 |
| 99 | 544 |

| 92 | 399 |
| 108 | 264 |

| 92 | 399 |
| 115 | 444 |

| 92 | 399 |
| 116 | 535 |
| 116 | 538 |
| 117 | 336 |
| 118 | 202 |

| 92 | 399 |
| 121 | 238 |
| f122 | 532 |

| 92 | 399 |
| 137 | 294 |
| o137 | 295 |
| 137 | 425 |

city for transmission to the plaintiffs, a certain "cipher" telegram written upon one of its blanks. The meaning of this cipher telegram as alleged in the complaint was, "we expect a heavy decline. Bulls getting scared. We expect receipts will soon be heavier, if weather continues favorable. The prospects of trade are not encouraging in England. From indications around us, we advise selling at the best prices obtainable, as we think we will be able to replace to advantage after awhile should you desire to do so." This message was to be delivered to the plaintiffs at Salem, Ala., and was sent on the 7th day of Febrary, 1882. Instead of being delivered to the plaintiffs at Salem, it was missent to Selma, Ala., and was not received by the plaintiffs until the 11th day of February; and the plaintiffs aver that by this mis-sending and failure to deliver within a reasonable time they suffered damages by the decline of the price of cotton from 12.60 cents per pound on the day the message was sent, to 12.44 on the day it was delivered. They also allege in the complaint that had they received the message on the day it was sent by the defendant they would have abided the suggestions of their agents and have sold on that day, instead of selling on the day the telegram was received. It was also averred that the message was paid for by the agents of the plaintiffs, and that the cost therefor was afterwards paid by the plaintiffs to their said agents.

Defendants demurred to the amended complaint and assigned as grounds therefor, (1) that the said count fails to show that said plaintiffs, before bringing the said suit, suffered loss or damage by reason of the mis-sending and delay in the delivery of said telegram to plaintiffs; (2) that said count fails to show that the alleged loss and damage, or any part thereof, was the necessary, reasonable or proximate result of the alleged breach of duty relied on by the plaintiffs as the cause of action; (3) that said count seeks to recover damages for the alleged negligence of defendants, and fails to show any relation between plaintiffs and defendants, through which the law would imply a duty to plaintiffs for the negligent performance which is alleged as the cause of action; (4) the said count fails to show that defendant undertook to do and perform for plaintiffs a service which is alleged to be the ground of action; (5) the said count fails to show that the defendants had any knowledge of the fact that said telegram was sent at the instance and for the benefit of the plaintiffs, or that they would suffer any damage by delay caused by the negligence of defendant; (6) the said count seeks to recover for the breach of a contract, and fails to show the existence of any contract between plaintiffs and defendant; (7) the said count shows that the

message alleged to have been sent is in cipher and wholly unintelligible to defendant, and that it was not shown or made known to the defendant that a prompt delivery was necessary or that damages would likely accrue from delay, or its negligence; (8) the said count shows that the only damages suffered, which is sought to be compensated, are too remote and speculative, and are not such as ordinarily arise in the usual delay of sending messages; and (9) the said count shows that the only damages alleged and sought to be recovered for the delay were not such as were in the contemplation of the parties at the time of the delivery of the message to the defendant. The court sustained these demurrers to the amended complaint, and the plaintiffs refusing to plead over or amend their complaint, judgment was rendered for the defendant. The plaintiffs prosecute this appeal, and assign as error the rulings on the demurrers, and the judgment rendered.

J. M. CHILTON, and W. J. SAMFORD, for appellants.—A demurrer must completely answer the complaint, or count of the complaint, it purports to answer. If anything is recoverable, it matters not how little, the demurrer should be overruled. *Daughtry v. Am. Un. Tel. Co.*, 75 Ala. 168. The complaint contains a substantial cause of action.—*Daughtry's Case*, 75 Ala. 168; *Frazer's Case*, 84 Ala. 488; *Alexander v. West, Un. Tel. Co.*, 66 Miss. 161; Gray on Communication by Tel., § 65, and authorities there cited.

GAYLORD B. CLARK, *contra*.

McCLELLAN, J.—As we construe the amended counts of the complaint, they each sufficiently aver that the plaintiffs through their agents in New York made a contract with the defendant to transmit a message from the agents to their principals at Salem, Alabama, with diligence and dispatch for a reward then and there paid by the agents for the principals, and subsequently repaid by the latter to the former; and that the defendant violated said contract in that it missent the message and failed to transmit and deliver it to plaintiffs for several days after it received the same for transmission and should have transmitted and delivered it. On the contract thus alleged, these plaintiffs may sue, and, if the evidence develops that they were disclosed to the telegraph company as the principals in the contract, they may recover against the defendant.—*G. C. & S. S. Rwy. Co. v. Levy*, 43 Am. Rep. 278; *Hookness v. W. U. T. Co.*, 5 Am. St. 672; *West v. W. U. T. Co.*,

24

7 Am. St. 520; *W. U. T. Co. v. Broesche*, 13 Am. St. 843; *Daugherty v. A. U. Tel. Co.*, 75 Ala. 168.

The breach alleged entitles the plaintiffs to recover at least the reward paid by or for them for the transmission of the message, and, eliminating this element, they would still be entitled to recover nominal damages.— *W. U Tel. Co. v. Way*, 83 Ala. 542, 562–3; *W. U. Tel. Co. v. Henderson*, 89 Ala. 510, 518; *Daugherty v. A. U. Tel. Co.*, 75 Ala. 168, 171.

It follows that whether the plaintiffs were entitled to recover the damages alleged to have resulted to them from the decline in the price of cotton between the time the dispatch should have been delivered to them and the time at which they ordered the sale of one thousand bales, the averment being that the order would have been given upon the instant of receiving the message, and was delayed three days in consequence of its non-receipt, or not, the demurrers to the amended complaint should have been overruled. Not only do those demurrers fail as matter of law to answer the whole complaint so as to raise any question as to the right thereunder to recover nominal damages and the price of the message, except in so far as to assert what we have determined to be the untenable proposition that the action proceeds in the names of the wrong parties, but they are confessedly addressed only "to so much of each of said counts, respectively, as seeks a recovery beyond the price of the telegram." Causes can not be determined by piecemeal on demurrer. The pleader must answer the whole complaint and for all purposes when he resorts to this mode of defense. When the cause of action is sufficiently stated to authorize a recovery, in this form of action counting on a single breach of contract, of any damages, a partial defense, going to a denial of the right to recover a part of the damages claimed, must be availed of and effectuated by motion to strike out the objectionable averments, or by objections to evidence, and through instructions to the jury.—*Daugherty v. A. U. Tel. Co.*, 75 Ala. 168. We are not to be understood as intimating any opinion as to whether the special damages, resulting from the decline in cotton pending the delay of an order to sell, alleged to have been consequent upon the failure of defendant to promptly deliver the telegram, are recoverable. That question is not properly before us.

The court erred in sustaining the demurrers to the amended complaint, and in rendering final judgment against plaintiffs. Said judgment is reversed and the cause remanded.