# West. Union Telegraph Co. *v.* Wilson.

*Action for Damages against Telegraph Company, on account
of Delay in Delivery of Message.*

1. *Action for delay in delivering telegram; when receiver may maintain.*
A person to whom a telegram is addressed may maintain an action
for the failure to forward and deliver it promptly, on averment and
proof that the sender acted as his agent in sending it, and that the
telegraph company knew that fact.

2. *Measure of damages; mental anxiety.*—Damages can not be recov-
ered for mental anguish and suffering caused by the failure to trans-
mit or deliver a telegram with due promptness, except by way of ag-
gravation for actual damages, or where the complaint shows a right
to recover at least nominal damages for a breach of contract; but
such damages may be recovered, when plaintiff sues for the failure
of the telegraph company to deliver to him a message from his
brother announcing the death of his father, and telling him to come
at once, by which delay he was prevented from attending his father's
funeral.

3. *Oral and written messages; sufficiency of complaint.*—A telegraph
company may require all messages to be reduced to writing, and
may refuse to receive a verbal message; but, when sued for undue
delay in the delivery of a message, which it received and sent, it is
not necessary for the complaint to allege that the message was in
writing.

4. *Sunday contracts.*—A contract made on Sunday, for the trans-
mission and delivery of a telegram from one brother to another, an-
nouncing the death of their father, is not void under the statute
(Code, § 1749).

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by W. L. Wilson against the appel-
lant, to recover damages for undue delay in the transmission
and delivery to him of a telegram from his brother, W. J. Wil-
son, announcing the death of their father. The jury gave the
plaintiff a verdict for $275. The defendant demurred to the
complaint on several specified grounds, all of which were over-
ruled by the court; and these ruling are here assigned as error.

HEWITT, WALKER & PORTER, for appellant.—(1.) The com-
plaint shows no right of action in plaintiff.—*Somerville v.
Merrill*, 1 Porter, 107; 2 Chitty's Pleadings, 653-4, 7th Lon-
don edition; *Telegraph Co. v. Dozier*, 7 So. Rep. 325; *Tele-
graph Co. v. Daughtery*, 7 So. Rep. 660. (2.) The plaintiff
shows no right to recover damages for mental anxiety or injury

[West. Union Telegraph Co. v. Wilson.]

to his feelings.—Wood's Mayne on Damages, 74, note; *Canning v. Williamstown*, 55 Mass. 451; *Johnson v. Wells, Fargo & Co.*, 3 Amer. Rep. 245; *Railroad Co. v. Levy*, 46 Amer. Rep. 275; *Wyman v. Leavitt*, 71 Me. 227; *Russell v. Telegraph Co.*, 19 N. W. Rep. 408; *First Nat. Bank v. Telegraph Co.*, 30 Ohio St. 555. (3.) The contract was void because made on Sunday.—Code, § 1749; *Burns v. Moore*, 76 Ala. 339.

CECIL BROWNE, *contra*, cited *Railroad Co. v. Levy*, 59 Texas, 563; 46 Amer. Rep. 278; 35 Penn. St. 298; 78 Amer. Dec. 336, note; 13 Amer. St. 843; 37 Iowa, 190; 5 Amer. St. 672; *Doyle v. Lynn*, 118 Mass. 195; 40 Amer. Rep. 805, or 55 Texas, 308; *Telegraph Co. v. Cooper*, 71 Texas, 507; 39 Fed. Rep. 181; *Wadsworth v. Telegraph Co.*, 86 Tenn. 695; *Telegraph Co. v. Henderson*, 89 Ala. 510; 39 Kansas, 93; 3 Dak. 315.

McCLELLAN, J.—In the case of *Daughtery v. American Union Telegraph Company*, 75 Ala. 168, damages were claimed by the sendee of a telegram for a breach of contract alleged to have been entered into between the senders, as the agents of the sendee, and the telegraph company, whereby the company, for a consideration paid by the agents, undertook and promised to transmit and deliver the message. It was insisted for defendant that the action could be maintained only by the senders, the theory of the contention being that the complaint showed that the senders made the contract in their own name, and it not being a contract for the payment of money, they alone had a right to maintain the suit. The court said: "This point is well taken, if the proper construction of the complaint is that which is contended for.—Code of 1876, § 2890 (of 1886, § 2594); *Johnson v. Martin*, 54 Ala. 271; *Masterson v. Gibson*, 56 Ala. 56; *Agnew v. Leath*, 63 Ala. 345. It is certainly true, that the message proposed to be sent, as copied in the complaint, is signed by Renfro Bros., the senders. But the message is not the contract declared on. The complaint avers, in substance, that the plaintiff made the contract through his agents, Renfro Bros. The contract declared on, we suppose, was oral. It is not averred that it is in writing. If, in delivering and paying for the message to be forwarded, Renfro Bros. disclosed the name of their principal for whom they were acting, that constituted it plaintiff's contract, upon which he can and should sue in his own name. Such proof is admissible under the complaint as framed, and if made, will sustain the averment." On a like state of averment, this principle was re-affirmed in the case of *W. P. Kennon & Bro. v. W. U. Tel. Co.*, at the present term, the action being in the name of

2

[West. Union Telegraph Co. v. Wilson.]

the persons to whom the message was sent by their agents, under an agreement for transmission made between them and the telegraph company, in which it was said : "On the contract thus alleged, these plaintiffs may sue; and if the evidence developes that they were disclosed to the telegraph company as the principals in the contract, they may recover against the defendant." In such cases, the plaintiff, upon making the requisite proof as to the fact of the agency of the senders, and the disclosure of that fact to the defendant at the time of contract made, would be entitled to recover at least nominal damages for the breach of the contract thus existing between him and the defendant, and, in addition thereto, damages for mental anguish and suffering occasioned by the defendant's failure to comply with its undertaking in respect of prompt transmission and delivery.— *W. U. Tel. Co. v. Henderson*, 89 Ala. 210.

But the law appears to be well settled, that in the absence of the element of damages resting on a breach of contract in force at the time between the parties, and in the absence of any actual injury to the person, reputation or estate of the plaintiff, there can be no recovery for injury to the feelings ; or, in other words, that an action can not be maintained solely for mental sufferings, though if other ground of damage, either nominal or substantial, be averred and proved, such averment and proof constitute an essential predicate for the imposition of damages for lacerated feelings, by way only of aggravation of actual damages.— *W. U. Tel. Co. v. Levy*, 59 Texas, 563 ; s. c., 46 Am. Rep. 278 ; *Johnson v. Wells, Fargo & Co.*, 3 Am. Rep. 245 ; *Wyman v. Leavitt*, 71 Me. 227 ; *W. U. Tel. Co. v. ————*, 39 Kan. 93 ; *Canning v. Williamstown*, 1 Cush. (Mass.) 451.

In the case at bar, one of the questions presented by the demurrers is, whether the complaint alleges a contract between the plaintiff and the defendant, for the breach of which at least nominal damages are recoverable, so as to make such right of recovery the basis for the imposition of further damages for mental distress, which are claimed. We think such contract is laid in the complaint, not by direct averment, it is true, but by the averment of facts from which the law implies a contract, and upon proof of which the existence of the contract would be declared. It is alleged that the defendant "was engaged in the business of transmitting messages for hire by means of electricity, from Howard, in the State of Georgia, to Childersburg, in the State of Alabama, and was then and there a public telegraph company; and, being so engaged, W. J. Wilson did, for the benefit, and as the agent of plaintiff, deliver to defendant at its office in Howard the following mes-

sage, viz: 'Howard, Ga., April 27, '90. To W. L. Wilson, Childersburg, Ala. Father died this P. M., come at once,' signed, 'W. J. Wilson,' for transmission to plaintiff by telegraph at Childersburg, and plaintiff's said agent did then and there pay defendant the sum of forty cents, the price of transmitting and delivering said message; said W. J. Wilson was the brother of plaintiff, and the person mentioned in said message as 'father' was the father of both W. L. and W. J. Wilson, and said defendant was well aware of all such relationship." It is not in terms alleged that the defendant received and undertook to transmit and deliver this message, but both these facts sufficiently appear from the allegations that defendant did transmit the despatch promptly to its office at Childersburg, and there delivered it to W. L. Wilson, the plaintiff, though not until after the lapse of a day from the time at which it should have been delivered. These averments import an acceptance of the message by the defendant necessary to a complete contract for its being sent to Childersburg and there promptly delivered to the plaintiff, even within the strict rule laid down in *Somerville v. Merrill*, 1 Port. 107, relied on by the appellant's counsel; and the complaint, taken as a whole, adequately states a contract entered into between the plaintiff, through his agent, and the defendant, for the failure of the defendant to comply with which, alleged in the complaint, plaintiff was entitled to recover at least nominal damages, and such damages for distress of mind, resulting from the delay of delivery whereby he was prevented seeing the body of his father and being present at his funeral, as from the terms of the message must have been in the contemplation of the parties. The demurrers, which proceeded on the theory that plaintiff was without right to sue for a breach of this contract, and that damages for mental suffering were not recoverable in this action, were properly overruled.—Authorities *supra; W. U. Tel. Co. v. Brown*, 10 S. W. Rep. 323; *Beasley v. W. U. Tel. Co.*, 39 Fed. Rep. 181; 7 Am. St. 530, and notes; *Harkness v. W. U. Tel. Co.*, 5 Am. St. 672; *Stuart v. W. U. Tel. Co.*, 66 Tex. 580; s. c., 59 Am. Rep. 623.

There is no merit in the objection, that the complaint does not allege that the message was in writing. We need not decide whether it would be the duty of defendant company to receive for transmission a verbal message—doubtless a rule on its part to the contrary would be a reasonable one—nor whether the complaint does in effect allege this message to have been in writing, though its averments might well be construed to import that the message, as delivered by plaintiff's agent, was a written one. These considerations are rendered

[Lunsford v. Walker.]

immaterial by the averments of the complaint that the message, whether verbal or written, and whether or not there was any duty to receive it as offered resting on the defendant, was received and correctly transmitted to its office at the point of destination; and it can not now be heard to excuse itself for unreasonable delay in delivering it from that office, on the ground that it was under no obligation to receive it in the first instance.

The objection taken by the demurrer, that the complaint shows the contract for transmission and delivery of the telegram to have been made on Sunday, and is therefore void, is untenable. We can not doubt but that the emergency of the death and burial of one's father involves such moral necessity for his presence before and at the funeral as brings any contract made to that end on Sunday within the exception of cases of necessity made by our statute, if indeed such contracts would not also be within the exception in favor of works of charity, in a liberal sense of that term.—*Burns v. Moore*, 76 Ala. 339; *G. C. & F. S. Railway Co. v. Levy*, 59 Texas, 542; s. c., 46 Am. Rep. 269; *Doyle v. L. & B. R. R. Co.*, 118 Mass. 195.

The foregoing considerations dispose of the objections taken to the trial court's rulings on the demurrers interposed by the defendant below, which alone are presented for review on this appeal. Those rulings are free from error, and the judgment is affirmed.