[Lucas v. Southern Railway Co.]

# Lucas *v.* Southern Railway Co.

122  529
128  95

*Action against Railroad Company as Common Carrier.*

122  529
137  294
o137 295

1. *Action against common carrier; when principal may sue on con-*
*tract made by agent.*—In order for a principal to maintain an
action for the breach of a contract of affreightment which was
made by his agent with a railroad company as a common car-
rier, it must be shown that at the time of the delivery of the
freight and the payment of the transportation charges, the
agent disclosed to the railroad company the name of his prin-
cipal for whom he was acting.

2. *Same; same; variance between averments in complaint and*
*proof.*—In an action against a railroad company to recover
damages for the defendant's failure as a common carrier to
transport and deliver the corpse of plaintiff's infant child, in
accordance with an alleged contract of affreightment, the
averment in the complaint that plaintiff contracted with the
defendant for 'the transportation and delivery of the corpse
of his infant child, at a certain named place, is not supported
by the proof that the plaintiff furnished the money to one who
acted as his agent in purchasing the ticket of said corpse,
but who, at the time of purchasing said ticket, did not disclose
to the defendant's agent that he was acting as plaintiff's agent
and using plaintiff's money for the purchase of said ticket;
and such variance between the averments in the complaint
and the proof is fatal to a recovery.

3. *Pleading and practice; when refusal to allow amendment error*
*without injury.*—Error in the refusal of the trial court to al-
low the plaintiff to file an amended count of the complaint, is
error without injury, where the evidence disclosed on the trial
shows that the plaintiff was not entitled to recover under the
averments of the amended count.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellant, James Lu-
cas, against the appellee, the Southern Railway Com-
pany, as a common carrier, to recover damages for the
defendant's alleged negligent failure to transport the

34

[Lucas v. Southern Railway Co.]

corpse of plaintiff's infant child from Blocton in Bibb county, to Aldrich, in Shelby county, on the line of the defendant's railway. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in its behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

J. M. McMaster and W. S. Cary, for appellants. The miscarriage of a corpse by a common carrier gives a right of action.—*Wells, Fargo & Co.'s Express v. Fuller*, 35 S. W. Rep. 824. Principles analagous are well settled in Alabama.—*West. Un. Tel. Co. v. Wilson*, 93 Ala. 34.

It is not necessary, in order for the plaintiff to maintain the present suit, that his agent should have disclosed the plaintiff's name to the defendant's agent at the time of the purchase of the ticket. It does not make any difference "that the agent was considered to be the principal."—1 Amer. & Eng. Encyc. of Law, 423-4. In *West. Un. Tel. Co. v. Wilson*, 93 Ala. 32, and in *Doughtery v. Amer. Un. Tel. Co.*, 75 Ala. 168, the idea is conveyed that it is necessary to show that the telegraph company knew that the sender acted as the plaintiff's agent. The rule seems to be that the undiscovered principal may sue.

Smith & Weatherly and Edward S. Lyman, *contra.* This being a claim solely for damages resulting from mental pain or anguish, not accompanied by any physical injury to the plaintiff, or injury to his property or reputation, some contractual relation must be shown between the plaintiff and the defendant, and a breach of such contract, in order to entitle the plaintiff to a recovery in any sum, even for nominal damages.—*West. Union Tel. Co. v. Henderson*, 89 Ala. 510-519; *West. Union Tel. Co. v. Wilson*, 93 Ala. 32-34, and cases cited.

No contractual relation existed between the plaintiff and the defendant in this case. Even if it should be contended that G. B. Lucas acted as the plaintiff's agent in the matter of the purchase of the tickets, such agency was not disclosed to the defendant, and the contract must be treated, therefore, as a contract between G. B. Lucas and the defendant, to which the plaintiff was neither a party nor privy.—*Western Union v. Wilson*, *supra*, 33-34. See, also, as bearing upon the general questions involved in the above propositions, the following authorities: *G. C. & S. F. R. Co. v. Levy*, 12 Am. & E. R. R. Cases, 90 (Texas); *Nichols v. Eddy*, 24 S. W. Rep. 316 (Texas); *Wells, Fargo & Co.'s Express v. Fuller*, 23 S. W. Rep. 412.

TYSON, J.—The complaint in this case avers that plaintiff contracted with defendant to transport and deliver the corpse of his infant child from Blocton, Alabama, to Aldrich, Alabama, both being stations on the defendant's line of road. That he paid the price of transportation charged, and defendant accepted said corpse for transportation. That the contract of affreightent was effectuated by the purchase of a passenger ticket for said corpse. That defendant negligently and carelessly failed to carry the said body to Aldrich, but left it at a station some six miles distant from Aldrich. The complaint further avers that in consequence of this negligence the funeral of said infant was delayed, and plaintiff was "sorely vexed and harassed, and suffered great mental pain and anguish and was compelled to prolong his stay from his business, to-wit, two days to his special damage," etc. The undisputed evidence as shown by the record is, that one G. B. Lucas, a kinsman of the plaintiff, was in charge of the corpse and purchased the tickets for its transportation and the transportation of three other persons, the plaintiff being one of them, who were accompanying the remains. The record affirmatively discloses that plaintiff was not present when the tickets were purchased and never had them in his possession; that G. B. Lucas delivered all the tickets to the conduc-

tor of the train, telling him that one was for the corpse, which was put in the caboose of the mixed train and transferred at Gurnee Junction to the baggage car of the regular passenger train, and further that the only information imparted by G. B. Lucas to defendant's agent when he purchased the tickets, was that one of them was for a "corpse," which ticket the agent identified by writing the word "corpse" upon it.

The evidence further shows that plaintiff gave the money to G. B. Lucas to pay for all the tickets purchased by him, and G. B. Lucas testified that he was acting for the plaintiff in the purchase of the tickets; but it is nowhere shown that this was disclosed or known to the agent when he sold the tickets. On the contrary, the agent testified that he did not know that the "corpse" was the body of plaintiff's child; that there were three families by the name of Lucas living in Blocton, and that he knew that an infant in one of these families had died, but did not know which one; that he was not told it was a child of plaintiff, and he only knew the plaintiff by sight.

We have only stated the evidence bearing upon the point as to whether or not it supports the allegations of the complaint, that there was a contract between the plaintiff and defendant as alleged for the transportation of the "corpse." It will be observed that the contract was made by G. B. Lucas with defendant's agent, who says that plaintiff gave him the money to purchase the tickets, and that he was acting for the plaintiff in the transaction, but that he did not disclose his agency or the fact that he was using plaintiff's money in paying for it.

The case of *Kennon & Bro. v. Western Union Telegraph Co.*, 92 Ala. 399, was a suit by the sendee of a telegraphic message against the telegraph company for the failure to deliver a telegram within a reasonable time from its sending. The contention of the telegraph company was that it made no contract with the sendee, and, therefore, it was not liable. Justice McClellan, in delivering the opinion of the court, said: "As we construe the amended counts of the complaint, they each suffi-

ciently aver that the plaintiffs, through their agents in New York, made a contract with the defendant to transmit a message from the agents to their principals at Salem, Alabama, with diligence and dispatch for a reward then and there paid by the agents for the principals and subsequently repaid by the latter to the former; and that the defendant violated said contract in that it missent the message and failed to transmit and deliver it to plaintiffs for several days after it received the same for transmission and should have transmitted and delivered it. On the contract thus alleged, these plaintiffs may sue, and if the evidence develops that they *were disclosed to the telegraph company as the principals* in the contract they may recover against the defendant."

To the same effect is the cases of *Daughtery v. A. U. Tel. Co.,* 75 Ala. 168; *Western Union Tel. Co. v. Wilson,* 93 Ala. 32; *Wells, Fargo & Co. Express v. Fuller,* 23 S. W. Rep. 412; *Nichols v. Eddy,* 24 S. W. Rep. 317.

It is true that none of these cases decide the converse of the proposition above quoted and italicized, but it necessarily follows that it is bound to be correct. So, then, we feel constrained to hold that plaintiff has failed to prove this averment of his complaint and cannot recover.

The second count offered by way of amendment contains the same averment as to the making of the contract for transportation; and if there was error in the action of the court in not permitting it to be filed, it was without injury to the plaintiff.

The other assignments of error relate to the exclusion of testimony, which in no way affect the question decided by us, and it is unnecessary to consider them.

The affirmative charge was properly given for the defendant.

Judgment affirmed.