# Manker *v.* Western Union Telegraph Company.

*Action against Telegraph Company for Breach of Contract in sending Message.*

1. *Action against telegraph company; when action considered ex contractu and not ex delicto; appeal.*—When, in an action against a telegraph company, there is set up a contract between the plaintiff and the defendant and defendant pleads *non assumpsit,* and issue is taken upon that plea and the parties trying the case and the court treated it as an action *ex contractu,* said action will be considered an action *ex contractu* on appeal.

2. *Contract with telegraph company; action can be maintained by principal on contract made with agent.*—When an agent for the benefit of his principal makes a contract with a telegraph company for the sending of a message, such principal can maintain an action in his own name on said contract, although his name was not disclosed in the making of the contract.—(*Western Union Tel. Co. v. Allgood,* 125 Ala. 712; *Lucas v. Southern Railway Co.,* 122 Ala. 529, overruled.)

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

The plaintiff was the sendee of a message which was sent to her by her brother, Frank Lash, telling her of the dying condition of her father, and summoning her to his bedside. There was evidence introduced on the part of the plaintiff tending to show that Frank Lash the sender of the message was acting as agent of the plaintiff and for her benefit. The facts of the case and the substance of the portion of the court's oral charge to which exceptions were reserved, are sufficiently set forth in the opinion.

The plaintiff requested the court to give to the jury the following written charges and separately excepted

[Manker v. Western Union Telegraph Co.]

to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence they will find for the plaintiff." (2.) "The court charges the jury that it was the duty of Frank Lash to inform the defendant company of the fact that in sending the message described in the complaint, if from the evidence you believe that he was acting as the agent of plaintiff, that he was the agent of plaintiff in order to make the defendant liable to plaintiff in this cause."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

B. M. ALLEN, for appellant.—1. A person to whom a telegram is addressed may maintain an action for the failure to forward and deliver it promptly on averment and proof that the sender acted as the agent of the sendee—*Western Union Telegraph Company v. Wilson,* 93 Ala. 34; *Western Union Telegraph Co. v. Henderson,* 89 Ala. 510; *Western Union Telegraph Co. v. Cunningham,* 99 Ala. 314; *Western Union Telegraph Co. v. Hyer Brothers,* 16 English and American Corporation Cases, 232.

10. Upon the right of an undisclosed principal to sue the following authorities are cited.—*West v. Western Union Telegraph Co.,* 21 Am. & Eng. Corp. Cases, 189; *Burton v. Larkin,* 36 Kan. 246; *Dresser v. Wood,* 15 Kansas, 344.

GEORGE H. FEARONS and WALKER, TILLMAN, CAMPBELL & PORTER, for appellee.—It has been expressly held that where the action is by a sendee and upon the contract it must be shown that there was a disclosure of the alleged agency. Whilst recognizing this principle, the lower court by no means held that the defendant was entitled to actual notice of the agency. A reading of the court's entire charge will show that it was as liberal to plaintiff on that score as she could expect. In fact, it was, perhaps, too liberal. That there must be a disclosure of the agency.—*W. U. Tel. Co. v. Allgood,* 125 Ala. 712; *Wilson Case,* 93 Ala. 32.

DOWDELL, J.—This was an action by the sendee of a telegraphic message. The complaint contained four counts. A demurrer was sustained to the third and fourth counts for a failure to aver in said counts, that the *sender* of the message acted as the agent, or for the benefit of the plaintiff. The counts were then amended by averring the agency, after which the demurrer being renewed, was overruled.

The facts averred in the complaint set up a contract between the plaintiff and the defendant, and the plea was *non-assumpsit,* and the issue was taken on this plea. Whether the alleged breach was willful or the result of negligence, would not change the character of the action from one *ex contractu* to one *ex delicto.* Moreover, the parties tried the case, and the trial court so understod it and treated it, as an action *ex contractu.* The plaintiff having tried her case on one theory in the court below, will not be permitted on appeal for the purpose of putting the trial court in error, to try her case on an entirely different theory.

The action being considered as one *ex contractu,* the only question raised by the assignments of error upon exceptions to parts of the oral charge of the court, and on refusal to charge as requested by plaintiff in writing, is whether the principal may maintain an action for breach of contract made by the agent, the principal not having been disclosed at the time of the making of the contract. In the cases of *Western Union Telegraph Co. v. Allgood,* 125 Ala. 712, and *Lucas v. So. R'y Co.,* 122 Ala. 529, it was held that an undisclosed principal could not recover damages for breach of contract made by the agent. These cases followed and were based upon expressions contained in *Daughtery v. A. U. Tel. Co.,* 75 Ala. 168; *W. U. Tel. Co. v. Henderson,* 89 Ala. 210; *Kennon & Bro. v. Tel. Co. 92* Ala. 399, and *Tel. Co. v. Wilson,* 93 Ala. 32. A review of these later cases leads us to the conclusion, that what was stated in those cases with regard to showing by the proof, that the agency was disclosed, was nothing more than *dictum.* Upon more mature

consideration, we are not able to see any sufficient reason for holding, that a principal may not maintain an action on a contract made by his agent, though such principal be not disclosed in the making of the contract. The above cases are in conflict, in principle at least, with the cases of *Bell v. Reynolds*, 78 Ala. 511; *City of Huntsville v. Huntsville Gas Co.*, 70 Ala. 191; and *McFadden & Bro. v. Henderson et al.*, 128 Ala. 229. These latter cases, we think, assert the correct rule, and the one which we are disposed to adhere to. The doctrine seems to be not only the more reasonable rule, but also well supported by authority. We are, therefore, of the opinion that what was said in the cases of *Daughtery, Henderson, Kennon & Bro.* and *Wilson, supra*, upon this question, should be disapproved, and the cases of *Allgood* and *Lucas, supra*, should be overruled.

It follows from this conclusion, that the court below erred in those portions of the general charge excepted to, wherein the court instructed the jury that unless the agency was disclosed to the defendant at the time of the making of the contract, the plaintiff could not recover. And also, in refusing to give written charge No. 2 requested by the plaintiff. The judgment of the lower court will be reversed.

Reversed and remanded.