WESTERN UNION TELEGRAPH COMPANY v. W. A. BUCHANAN.

Decided April 9, 1904.

**Telegraphs—Interstate Message—Lex Loci—Mental Suffering.**

Where a message was delivered to a telegraph company· at a point in Arkansas for transmission to a point in Texas, a recovery for damages for mental suffering resulting from a failure to deliver the message could not be had in the Texas courts, since the contract is governed by the law of the place where it is made, and the law of Arkansas does not authorize a recovery of damages for mental suffering alone in such a case. Following Telegraph Co. v. Waller, 96 Texas, 89.

Appeal from the District Court of Fannin. Tried below before Hon. P. C. Thurmond, Special Judge.

*Geo. H. Fearons, Davis & Garnett,* and *N. L. Lindsey,* for appellant.

*Gross & Gross,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover of the appellant damages for the failure to deliver to him a message announcing the serious illness of his mother, which proved fatal.

The message was received by appellant at Clarendon, Ark., for transmission and delivery at Honey Grove, Texas, to appellee. Appellant plead the general issue, and specially, among other things, that the contract was made in and governed by the laws of Arkansas; that no recovery should be had under the laws of said state, and therefore no recovery could be had in this State. Appellee recovered; hence this appeal.

The evidence shows that a message was received by appellant at Clarendon, Ark., to be transmitted and delivered at Honey Grove, Texas, to appellee. The message was transmitted to Honey Grove, but appellant's agent there negligently failed to deliver same, which caused the damages assessed by the jury. Under the laws of Arkansas no recovery could be had for mental anguish, as is here sought.

Appellant presents here, in effect, but one contention, and that is, that the contract having been made in Arkansas, the laws of that State govern; and as no recovery could be had under the laws of that State, none can be had in this State. This contention is sustained by the case of Telegraph Co. v. Cooper, 29 Texas Civ. App., 592, 62 S. W. Rep., 427, decided by the Court of Civil Appeals, Second District, and a writ of error refused by our Supreme Court. Subsequently in Telegraph Co. v. Waller, 96 Texas, 589, 74 S. W. Rep., 751, the Supreme Court approved the principle announced in the Cooper case. In the Cooper case the message was received by the company at a point in Texas to be transmitted and delivered at a point in the Indian Territory, where damages for mental anguish are not recoverable. The message was transmitted to the Indian Territory but the company failed to deliver it to the addressee. It was held that the laws of Texas governed in that

character of case, and a recovery was permitted. That decision was based on the principle announced in the case of Reed v. Telegraph Co., 37 S. W. Rep. (Mo.), 907, where the facts are the same as here.

The principle on which the decisions cited is based is that contracts are to be governed by the law of the State where entered into, unless a different intention is expressed or implied by the contract. Telegraph Co. v. Christensen, 78 S. W. Rep., 744.

In the case of Telegraph Co. v. Blake, 68 S. W. Rep., 526, the facts are identical with the facts of this case, and the court there held that a recovery could be had. The reasons there given by Judge Neil, who rendered the opinion, appear plausible, if not correct, and we would be inclined to follow them were it not for the holding in the Cooper case, which has been twice approved by our Supreme Court, once in refusing a writ of error and then adhering to that doctrine in the Waller case. We are governed by the decision of the Supreme Court, and believing the holding in Cooper and Waller cases to be contrary to a right of recovery in this case, and there being no controversy arising on the facts the judgment herein will be reversed and judgment here rendered for appellant.

*Reversed and rendered.*

### ADDITIONAL CONCLUSIONS OF FACT.

The fee of 50 cents for transmitting the message was paid to the appellant at Clarendon, Ark., by Walter Buchanan, who was acting for the appellee. W. A. Buchanan, appellee, at the time was residing at Honey Grove, Texas.