### R. E. Ligon v. Western Union Telegraph Company.

Decided May 13, 1907.

**Telegram—Delay—Damages—Lex Loci Contractus.**

In a suit for damages for delay in delivering a death message sent from Missouri to Texas the law of Missouri, where the contract was made, should be applied in determining the rights of the parties in a suit in Texas, and damages for mental suffering not being recoverable under the laws of Missouri should not be allowed in Texas.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*W. H. Hanson* and *Sawnie Robertson,* for appellant.—That the rights of the parties should be determined by the law of Texas. Western U. Tel. Co. v. Blake, 68 S. W. Rep., 526; Western U. Tel. Co. v. Cooper, 69 S. W. Rep., 427; Western U. Tel. Co. v. Phillips, 30 S. W. Rep., 494; Western U. Tel. Co. v. Clark, 14 Texas Civ. App., 565; Western U. Tel. Co. v. Ford, 92 S. W. Rep., 528.

*Young & Stinchcomb,* for appellee.—The law to be applied to a suit for the failure to deliver a message is that law furnished by the State where the message contract was made, regardless of whether the negligence occurred in that State or in the State where the message was to be delivered. Western U. Tel. Co. v. Buchanan, 80

S. W. Rep., 561; Western U. Tel. Co. v. Christensen, 78 S. W. Rep., 744; Western U. Tel. Co. v. Cooper, 69 S. W. Rep., 427; Western U. Tel. Co. v. Waller, 74 S. W. Rep., 751; Connell v. W. U. Tel. Co. (Mo.), 22 S. W. Rep., 345; Reed v. W. U. Tel. Co., 37 S. W. Rep., 907; Jones v. National Cotton Oil Co., 72 S. W. Rep., 248; Fidelity Mutual Life Assn. v. Harris, 94 Texas, 34.

REESE, ASSOCIATE JUSTICE.—R. E. Ligon instituted this suit to recover of the Western Union Telegraph Company damages for negligence in delivery of the following telegram, sent from Joplin, Missouri, to his wife, Mrs. Visie Ligon, at Tyler, Texas:

"Joplin, Missouri, Feb. 27, 1906.
"Mrs. Visie Ligon,
        "126 South Gregg St.,
                "Tyler, Texas.
"Walker killed.  Answer if you can come.
                        "(Signed)  R. Thrieldkeld."

The Walker referred to was the brother of Mrs. Ligon and it was alleged that on account of the negligent delay in delivering the telegram to Mrs. Ligon she was not able to be at the funeral and burial of her brother, whereby she was caused to suffer mental anguish.

Among other defenses defendant pleaded that under the laws of Missouri no recovery could be had in such cases as that presented, for damages for mental suffering.  It was also pleaded that the message was received at Tyler, Texas, after office hours, and was delivered as early as could be reasonably done the next morning.  Upon trial by the court without a jury there was a judgment for defendant from which plaintiff appeals.  The trial court found, as conclusions of fact, that the message in question was delivered to the operator at Joplin, Missouri, at 8:35 p. m. February 27 and was received at 8:53 p. m. on the same day at Tyler, Texas, but came addressed to Mrs. Visie Logan; that it was delivered to Mrs. Ligon at 8:50 o'clock next morning; that the defendant had established office hours for the reception, transmission and delivery of messages from 8 o'clock a. m. to 12 o'clock m., from 1 o'clock p. m. to 6 o'clock p. m., and from 7 o'clock p. m. until 8 o'clock p. m., and that these regulations were reasonable.

It was further found that if Mrs. Ligon had taken the first train leaving Tyler, en route to Joplin after the receipt of the message, which left Tyler at 12:55 p. m. on February 28, she would have arrived at Joplin in time to be present at the funeral and burial of her brother.  Also that under the laws of Missouri damages for mental anguish resulting from failure to deliver telegraph messages was not recoverable.  No objection is made to these findings.

As conclusions of law the court found that the misdirection of the message was negligence and that if it had come properly directed to Mrs. Visie Ligon instead of Logan, it would have been delivered at once notwithstanding the regulations about office hours, but that this would have been a gratuitous service for failure to perform

which appellee would not have been liable. The court further concluded, as matter of law, that the laws of Missouri should govern in determining the right of appellant to recover. Appellant's brief presents the single question of the correctness of this last conclusion of law.

The rule announced by the court was approved by the Supreme Court in Tel. Co. v. Waller (74 S. W. Rep., 751). The precise question here raised was decided by the Court of Civil Appeals of the Fifth District in the case of Western Union Tel. Co. v. Buchanan (80 S. W. Rep., 561). The plaintiff's claim for damages in the latter case was based upon a message sent from Clarendon in the State of Arkansas to Honey Grove, Texas. At that time damages for mental suffering in such cases were not recoverable under the laws of Arkansas, and it was held that the laws of Arkansas governed in determining the right of recovery. The judgment of the trial court was reversed and judgment rendered for appellant. A writ of error was refused by the Supreme Court.

In the case of Western U. Tel. Co. v. Cooper (69 S. W. Rep., 427), the Court of Civil Appeals of the Second District announced the same doctrine, writ of error being refused by the Supreme Court. The contrary was held by the Court of Civil Appeals of the Fourth District in Western U. Tel. Co. v. Blake (68 S. W. Rep., 526), but we consider the law settled by the Supreme Court in the Waller case, *supra,* and in refusing writ of error in the Cooper and Buchanan cases, *supra.*

The trial court did not err in holding that appellant's right to recover was controlled by the law of Missouri, and in rendering judgment for appellee. Were it otherwise under the facts found by the trial court, appellant was not entitled to recover, such facts showing no negligent delay in the delivery of the message at Tyler.

We find no error in the judgment and it is affirmed.

*Affirmed.*