WESTERN UNION TELEGRAPH COMPANY v. H. GARRETT.

Decided May 15, 1907.

**1.—Telegraph—Mental Suffering—Law of Place of Contract.**

The liability of a telegraph company for merely mental suffering from failure to deliver a death message, is dependent on the law of the place of contract; no action lies therefor in Texas for nondelivery of a telegram sent from Missouri, where such damages were not recoverable, to the plaintiff in Texas.

**2.—Same—Misleading Advice.**

A service message from Texas advising the sender of a dispatch from Missouri to Texas of the company's inability to deliver it, reporting the party addressed to be out of town, can not be held to have made the company liable for mental suffering on the ground that the sender was misled thereby, where the information given was true and the sender knew that the person addressed was a railway engineer who, at such time, would regularly be out of town on his run.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Geo. H. Fearons* and *L. A. Hill,* for appellant, cited: Western U. Tel. Co. v. Waller, 96 Texas, 589; Western U. Tel. Co. v. Buchanan, 35 Texas Civ. App., 437; Western U. Tel. Co. v. Christensen, 78 S. W. Rep., 744; Newman v. Western U. Tel. Co., 54 Mo. App., 434; Western U. Tel. Co. v. Sloss (in this court, not reported); Connell v. Western U. Tel. Co., 116 Mo. App., 34.

*S. M. Posey* and *A. S. Phelps,* for appellee.—The verdict of the jury is sustained by the evidence in that the question as to whether said contract for the delivery of the telegraphic message was made in contemplation of the laws of Missouri, is a question of fact for the jury, and was submitted to the jury by the court in its charge, and the verdict of the jury should be sustained.

The court did not err in overruling defendant's motion for a new trial, because the undisputed evidence in the case showed that after said message had been received by the defendant at its Austin office it negligently failed to deliver the telegram, and negligently caused to be sent to its Nevada office its service message stating, "H. Garrett said to be out of the city," when he was in the city of Austin at the time, and the defendant failed to show what the law of Missouri was as to the liability of the Austin office in transmitting on its own motion a false service message to the office of said defendant in Nevada, Missouri, being an independent act of negligence on the part of the defendant which entitled appellee to recover. Dyke v. Erie Ry. Co., 45 N. Y., 113; Pritchard v. Norton, 106 U. S., 132; Pullman Car Co. v. Lawrence, 22 So. Rep., 53; Walsh v. New York & N. E. Ry. Co., 36 N. E. Rep., 584; Northern Pac. Ry. Co. v. Babcock, 154 U. S., 190; Mexican Nat'l Ry. Co. v. Jackson, 89 Texas, 115; Schudder v. Union Nat. Bank, 91 U. S., 406; Waverly Bank v. Hall, 150 Pa. St., 466; Gray v. Western U. Tel. Co., 108 Tenn., 39, 91 Am. St. Rep., 706; 2 Wharton's Conflict of Laws (3d ed.), sec. 401; Milliken v. Pratt, 125 Mass., 374, 28 Am. Rep., 24; Junction R. R. Co. v. Bank of Ashland, 12 Wall., 226; Wright v. Andrews, 70 Maine, 86; Kennedy v. Knight, 94 Am. Dec., 543; Backman v. Jenks, 55 Barbour (N. Y.), 468; Greenwood v. Curtis, 6 Mass., 358, 4 Am. Dec., 145; Broadhead v. Noyes, 9 Mo., 56; Story on Conflict of Laws, sec. 280; 2 Kent's Commentaries, 459; Western U. Tel. Co. v. Ford, 92 S. W. Rep., 528; Western U. Tel. Co. v. Boots, 10 Texas Civ. App., 542; Western U. Tel. Co. v. Preston, 54 S. W. Rep., 650; Western U. Tel. Co. v. Phillips, 30 S. W. Rep.,

494; Western U. Tel. Co. v. Clark, 14 Texas Civ. App., 565; Western U. Tel. Co. v. Cooper, 69 S. W. Rep., 427; Western U. Tel. Co. v. Waller, 96 Texas, 589; Western U. Tel. Co. v. Christensen, 78 S. W. Rep., 744; Western U. Tel. Co. v. Blake, 68 S. W. Rep., 526; Western U. Tel. Co. v. Simmons, 93 S. W. Rep., 686; Western U. Tel. Co. v. Sloss, 17 Texas Ct. Rep., 601.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant and recovered a judgment for $900.72, as damages on account of the failure of appellant to transmit and deliver a telegraphic message sent from Nevada, in the State of Missouri, addressed to the plaintiff at Austin, in this State, and informing him of the death of Cora Garrett, his daughter.

All of the damages laid in the petition were alleged to have resulted from mental suffering, except 72 cents charged by and paid to the defendant as compensation for sending the message.

Among other defenses interposed was a plea alleging that under the laws of the State of Missouri, where the contract was made, damages were not recoverable on account of mental anguish in cases of this kind, where there was no physical injury. The truth of that plea was established by the positive and uncontroverted testimony of a disinterested lawyer of the State of Missouri. Such being the uncontroverted proof, we think it is settled by Western U. Tel. Co. v. Waller, 96 Texas, 589, that the plaintiff has no case except his right to recover for the charge paid for sending the message. The contract having been made in Missouri, and there being nothing to show that the parties intended otherwise, it seems to be settled by the case cited that the rights of the parties must be determined by the laws of that State.

The plaintiff has sought to take the case out of that rule by alleging and proving that the defendant sent a relay message from Austin back to Nevada, Missouri, by which it is claimed that the plaintiff's wife, the sender of the original message, was misled and prevented from sending another message giving a more specific address, etc. The testimony shows that at the time in question the plaintiff was an engineer on the M. K. & T. Railway, daily engaged in running a train between Austin and Granger; that his train left Austin at 11:20 a. m., and returned to Austin at 4:50 p. m. The message from the plaintiff's wife was sent on February 17, 1906, and was received at the defendant's office in Austin at 10:17 a. m., that day. It contained no other address except Austin, Texas. At that time the city directory gave the plaintiff's address as No. 307 East 5th Street, and showed that he was an M. K. & T. engineer. The message was placed in the hands of a messenger, who went to 307 East 5th Street, and inquired for the plaintiff, but was told that he did not reside there. The lady who gave that information directed the messenger to her husband, who told the messenger that he did not know the plaintiff, but that he had heard that a man who formerly resided there had left the city. The plaintiff had formerly boarded at that place with a lady who had moved away from it, but at that time the plaintiff was residing at No. 916

East 7th Street. The defendant made no further effort to find the plaintiff in Austin, and sent the following relay message to its office at Nevada, Missouri: "Yours date Garrett signed Mother undelivered. Party said to be out of city." That message was sent at 11:45 a. m., on the same day that the other message was received. It was shown by the plaintiff's testimony that he left Austin that day on his daily run to Granger at 11:20 a. m., and was, in fact, out of the city at the time the relay message was sent. It was shown by the testimony of his wife that she was aware of the fact that he left Austin every day at about 11:20 a. m., and made daily runs to and from Granger.

From this we think it is quite clear that plaintiff's wife was not misled by the relay message. According to her own testimony, she already knew that her husband would leave Austin on that day at 11:20 a. m., and not return until 4:50 p. m., and therefore the relay message which was delivered to her in Nevada, Missouri, stating that her husband was reported to be out of town, indicated nothing more than that he had gone on his run to Granger, which was true; and, as the plaintiff knew that he was expected to go on that run, she was not misled by the message. Hence we hold that the sending of the relay message and its delivery to the plaintiff's wife, does not take the case out of the rule which requires the laws of the State of Missouri to be applied in determining the rights of the parties.

The verdict separates the recovery and allows the plaintiff 72 cents, the cost of the telegram, and $900 for mental anguish, and the judgment follows the verdict. As to the item of 72 cents, the judgment will be affirmed; as to the $900 recovered for mental anguish, the judgment will be reversed and here rendered for appellant.

*Affirmed in part, and in part reversed and rendered.*