WESTERN UNION TELEGRAPH CO. v. ASHLEY.

(Court of Civil Appeals of Texas. Austin.
April 19, 1911. On Motion for
Rehearing, May 31, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 27*) —
WHAT LAW GOVERNS — NOTICE OF CLAIM
FOR DAMAGES.

The validity of a provision printed on a telegram that notice of claim for damages on account of failure to deliver the message must be given within 60 days from the time of transmission is to be determined by the law of the state from which the message was sent.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 27.*]

On Motion for Rehearing.

2. PLEADING (§ 218*)—DEMURRER—STATUTORY
PROVISIONS.

Under Rev. St. 1895, art. 1291, a party is required to file his demurrers in due order of pleading, and present them to the court before the trial upon the merits has begun, and the court should rule upon them when presented; and hence it was improper to reserve ruling on a demurrer to the answer until the close of the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 553, 554; Dec. Dig. § 218.*]

3. PLEADING (§ 214*) — DEMURRER — PURPOSE
OF DEMURRER.

The purpose of the demurrer is to obtain a ruling on a question of law, and for this purpose the allegations of fact are admitted to be true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by B. N. Ashley against the Western Union Telegraph Company. From an order sustaining an exception to defendant's answer, defendant appeals. Reversed and remanded.

Hume & Hume, for appellant. U. S. Hearrell, for appellee.

JENKINS, J. Appellee brought suit for mental anguish alleged to have been occasioned by the negligence of appellant in failing to deliver two certain telegrams, sent to him from Texarkana, Ark.; one informing him of the sickness of his brother in a hospital at Texarkana, Ark., and the other of the death of his said brother. As to the latter telegram, appellee alleges that he was prevented, by the failure to deliver the same, from going to Texarkana and bringing the remains of his brother to Milano, and burying him beside another dead brother, as he would have done, and by his failure so to do his brother was buried by strangers in a foreign land. Notice of appellee's claim for damages was given 64 days after this telegram was sent. As to this telegram appellant alleged that it contained a stipulation that it should not be liable for any damages occasioned by the failure to deliver the same, unless a claim for damages was presented within 60 days from the sending of the same, and that such stipulation was valid under the laws of Arkansas. Appellee excepted to this answer, for the reason it was rendered void by article 3379, Rev. St. Tex. 1895. This exception was sustained, and the action of the court in this regard is assigned as error.

[1] We shall not enter into a discussion as to which shall govern, the law of the forum or the law of the place of the contract, on general principles or under given circumstances, but will confine ourselves to a brief review of the Texas authorities on the very point at issue in this case. In Telegraph Co. v. Lovely, 52 S. W. 563, the telegram was sent from a point in the Indian Territory to a point in Texas. The Court of Civil Appeals (Second District) held that the law of Texas controlled. To the same effect is the decision of the Court of Civil Appeals (Fourth District) in the case of Telegraph Co. v. Blake, 29 Tex. Civ. App. 224, 68 S. W. 526, and the decision of the Court of Civil Appeals (Fifth District) in Telegraph Co. v. Douglass, 124 S. W. 491. No writ of error was applied for in any of these cases, except the Douglass Case. On the other hand, the Court of Civil Appeals (Second District), in Telegraph Co. v. Cooper, 69 S. W. 428, where a telegram was sent from a point in Texas to a point in the Indian Territory, held that the law of Texas controlled. A writ of error was refused in this case. In Telegraph Co. v. Waller, 72 S. W. 265, the Court of Civil Appeals (Second District) held that the law of the place from which the telegram was sent, and not the law of the place of delivery, controlled. On writ of error this point was sustained by the Supreme Court, and the Cooper Case, supra, was expressly affirmed. The Douglass Case, supra, was taken to the Supreme Court, and this doctrine was again affirmed. So that, whatever may have been our views on this point as an original proposition, we are constrained by the above authorities to hold that in telegraph cases lex loci contractus, and not lex fori, will control; and, so holding, we sustain appellant's assignment of error that the trial court erred in sustaining appellee's exception to appellant's allegation that the telegram announcing the death of appellee's brother contained a provision that notice of claim for damages on account of failure to deliver the same must be given within 60 days from the time the same was sent, and that said provision was valid under the laws of Arkansas.

For the error indicated, this case is reversed and remanded.

On Motion for Rehearing.

Appellant asks us to grant a rehearing in this case upon the ground that the ruling of the court on appellee's demurrer to appel-

lant's plea as to the law of Arkansas was reserved until the close of the evidence, and that there is no evidence in the record as to the law of Arkansas on this matter.

[2] We write this additional opinion to say that, if such be the fact, such practice is not to be commended. A party is required to file his demurrers in due order of pleading, and to present them to the court before the trial upon the merits has begun, and the court should rule upon them when presented. R. S. 1895, art. 1291.

[3] The purpose of a demurrer is to obtain a ruling of the court on a question of law, and for this purpose the allegations of fact are admitted to be true; hence there is no reason why a court should hear the evidence before ruling on a demurrer. When appellee obtained a ruling of the court on his demurrer, he in effect admitted that the law of Arkansas was as alleged by appellant, and this supplied any lack of proof in that regard.

Motion overruled.