The appellee Mrs. Ada Smith, joined by her husband, E. D. Smith, instituted suit against the appellant for failure to deliver a telegram sent from Artesia, N.M., to Judge C. F. Kerr, at Dimmitt, as follows:
"Ada coming. Have conveyance meet her at Hereford. 'Phone Hereford [Signed] E. D. Smith."
Mrs. Smith's brother was killed at Dimmitt and the allegations show that on the evening previous to the sending of the telegram that Kerr had talked with E. D. Smith over the phone, requesting Mrs. Smith to be at the funeral the next day, at 5 o'clock. Mrs. Smith at that time was not very well, but Smith notified Kerr that she was able to go, and that he would wire him the next morning, which he did, notifying the agent receiving the telegram of the necessity in prompt delivery of the message; that the message was not delivered, and no one was at Hereford to meet Mrs. Smith, as requested, and as a consequence she was unable to be at the funeral, being unable to get a conveyance out of Hereford for Dimmitt in time to be present; that if the message had been promptly delivered, as appellant undertook to do, that she could and would have been present at the funeral.
Among other defenses interposed by appellant was a plea, alleging that under the laws of the state of New Mexico, where the contract was made, damages were not recoverable on account of mental anguish in cases of this kind, where there was no physical injury. *Page 703 
We believe the evidence offered being uncontroverted in its nature as to the law of New Mexico, as to the truth of the plea by appellant, by a disinterested lawyer of New Mexico, of some 28 years' experience, and the quotation by him of section 4, art. 22, of the Constitution of that state, to the effect that all laws in force in the territory of New Mexico before admission into the Union, remained in full force and effect as the laws of the state, and "from the decisions of Leitsendorfer v. Webb, 1 N.M. 34-53, also Sandoval v. Albright, 14 N.M. 345, 93 P. 717, holding to the effect that the common law was extended over the territory so far as relates to the regulation and control of proceedings of the Supreme and District Courts in determination of causes, and the law was declared by the final tribunal of the territory previous to the Constitution and admission of the territory into the Union, by the Circuit Court of Appeals of the Eighth District for the United States, in the case of Western Union Telegraph Co. v. Burris, 179 F. 92, 102 C.C.A. 386, to the effect that damages were not recoverable for mental anguish unaccompanied by personal injury.
The appellant requested a special charge, instructing a verdict for it, which was refused and assigned as error; and also a charge to the effect that if the jury should find from the evidence that there was no law in New Mexico, authorizing recovery for mental suffering as damages, to return a verdict for the appellant. These charges were refused by the trial court, and exception reserved thereto and assigned here as error.
We regard the testimony as uncontroverted and as establishing that the law in New Mexico at the time of the sending of the message was as alleged; and that being the place of the contract, under the authorities of this state, the court should have instructed the jury as requested. Telegraph Co. v. Waller, 96 Tex. 589, 74 S.W. 751, 97 Am.St.Rep. 936; Telegraph Co. v. Buchanan, 35 Tex. Civ. App. 437, 80 S.W. 561; Telegraph Co. v. Cooper, 29 Tex. Civ. App. 591, 69 S.W. 427; Ligon v. Telegraph Co., 46 Tex. Civ. App. 408, 102 S.W. 429; Telegraph Co. v. Garrett,46 Tex. Civ. App. 430, 102 S.W. 456.
In the original opinion, it was our view that the action was for negligence in failing to deliver the telegram in Texas and that the cause of action was really ex delicto; and we understood that our Supreme Court, in Stuart v. Telegraph Co., 66 Tex. 580, 18 S.W. 351,59 Am.Rep. 623, so decided. Being a tort, committed in the state of Texas, where such damages could be recovered, the law of the place of the wrong or tort should control; but the authorities above cited appear to hold to the contrary, and the rule in this state, as we gather from the decisions, is that the place of the contract will control the maximum amount of damages which may be recovered. We, perhaps, had in mind the rule of the United States Supreme Court, that in order to maintain an action of tort, founded upon an injury to the person, or to property and not upon a breach of contract, the act which is the cause of the injury, and the foundation of the action, will be governed by the law of the place in which it was done. Huntington v. Attrill, 146 U.S. 657,13 Sup.Ct. 224, 36 L.Ed. 1123, Telegraph Co. v. Brown, 234 U.S. 542,34 Sup.Ct. 955, 58 L.Ed. 1457. However, whatever the rule may be in other jurisdictions, it appears to be established in this state, as above pointed out.
The case also presents the issue whether interstate messages, under the amendment of the Interstate Commerce Act, June 18, 1910, by which telegraph companies are subject to the provisions of that act, the Congress has taken full charge of the subject? This message, under the act, was interstate. The question, therefore, is, whether Congress has clearly manifested a purpose to supersede or suspend the exercise of the police powers of the states with reference to this particular subject. The Courts of Civil Appeals for the Sixth and Eighth Districts apparently have answered this question in the negative. Bailey v. Telegraph Co.,171 S.W. 839; Telegraph Co. v. Schoonmaker, 181 S.W. 263. In the latter case, however, mental anguish does not appear to have been considered. In the former case, Mr. Justice Hodges discusses the effect of the act and reached the conclusion, as we understand the opinion, that the act will not deprive the state rule of its former force, even on interstate messages. He reviews at some length the case of W. U. Telegraph Co. v. Brown, 234 U.S. 542, 34 Sup.Ct. 955, 58 L.Ed. 1457. As we gather from the opinion, Judge Hodges reached the conclusion that it was not the purpose of that case to hold that Congress intended to supersede the law of the states on failure to deliver interstate messages.
The Supreme Court of Arkansas, in the case of W. U. Telegraph Co. v. Johnson, 115 Ark. 564, 171 S.W. 859, held that action for mental anguish, under the law of that state, will not lie for the failure to deliver an interstate message. W. U. Telegraph Co. v. Compton,114 Ark. 193, 169 S.W. 946; W. U. Telegraph Co. v. Stewart (Ark.)179 S.W. 813. That court interprets the Brown Case as holding that the Interstate Commerce Act will control.
In Virginia (W. U. Telegraph Co. v. Bilisoly, 116 Va. 562, 82 S.E. 91) it was held in so far as interstate business was concerned, the act in question placed telegraph companies under the direct supervision of the Interstate Commerce Commission, rendering inapplicable the state statutes imposing a penalty for failure to promptly transmit messages. There are some distinctions in the cases cited, which may be made from the *Page 704 
case rendered by Judge Hodge. We must confess that Judge Hodge's position is strongly argued and fortified by reason and authority, but it appears to us the statement in the Brown Case, supra, while not necessary to that decision, is strongly persuasive that the Supreme Court of the United States holds to the view that Congress has taken charge of the matter relating to interstate messages and with reference to receiving and sending such messages, and the rule in that court will hence determine the liability of the parties under the well-recognized rulings of that court, under the common law, as interpreted by it; and if that is the holding of the Supreme Court, as held in Arkansas, a recovery could not be had in this case for mental anguish.
The judgment heretofore entered, affirming that of the court below, will be set aside, and the opinion rendered thereon withdrawn. Judgment is here ordered that the appellant's motion for rehearing be granted, and the judgment of the trial court be reversed and here rendered that the appellees take nothing by their suit. The jury, under the issues submitted, found $300 for mental anguish, and nothing for the amount paid for the transmission of the message, or for other special damages alleged, and the judgment of the court being for the sum of $300, it is the judgment of this court that appellees take nothing by reason of their suit, and that appellant recover its costs in the court below, as well as the costs in this court.
Reversed and rendered.
 On Motion for Rehearing.
Appellees insist, in their motion for rehearing, that there is no evidence that the law in New Mexico, as a state, does not allow recovery for damages on account of mental anguish. While it was a territory it was held in the district, of which it was then a part, that under the common law a recovery for mental anguish alone could not be had. The witness for appellant testified there had never been a statute or decision of New Mexico authorizing a recovery for mental anguish. The common law was in force in New Mexico as a territory and is shown to be still in force therein as a state. By virtue of the Constitution, under the section mentioned in the opinion, all laws in force in the territory remain in force as the laws of the state until altered or repealed. The evidence shows the laws with reference to this subject have not since been altered or repealed. This court practically held in Telegraph Co. v. White,162 S.W. 905, that under the holding in the Burris Case mental anguish would not be an element of actual damage, and under the common law as construed by the federal courts no recovery could be had therefor in New Mexico. This being the, law when New Mexico became a state it continued in force under the state Constitution until altered or repealed. Under the evidence it is uncontroverted that this law has never since statehood been altered or repealed.
On the other questions raised, that is, whether the case will fall under the federal act regulating interstate messages, we wish at this time to correct the statement in the original opinion that the Eighth district, in the Schoonmaker Case, 181 S.W. 263, held that messages from one state to another would not be controlled by the federal act. The court in that case appear to concede that in such messages that court would be controlled by the federal law. We prefer at this time to base our opinion upon the grounds first stated in the opinion filed and without any definite holding on the question as to interstate messages. The Sixth district has again passed upon the Bailey Case and adheres to its former view, holding, as we understand, that Congress has not, by the act, assumed exclusive control of interstate messages, and therefore mental anguish may be recovered for breach of such message under proper conditions. Telegraph Co. v. Bailey, 184 S.W. 519, in which case it appears that an application for writ of error is yet pending in our Supreme Court.
We find an interesting discussion of the question in the case of Telegraph Co. v. Bank of Spencer, 156 P. 1175, by the Oklahoma Supreme Court. With these references, we prefer to leave the federal question for future determination.
For reasons first stated, we overrule the appellees' motion for rehearing.