# Marx *et al. v.* Clisby *et al.*

*Bill in Equity to establish a Trust in Lands.*

1. *Power of executor and trustee under will.*—Where, under a will, the executor named is made trustee of the estate of the testatrix for her children, with authority to manage, control and use the property and the rents and profits arising therefrom for the benefit of said children, and is also given the power to mortgage any or all of the real estate which the deceased

owned at the time of her death for the purpose of raising money necessary to pay the debts of the testatrix, such executor and trustee has the power to purchase real ·estate with the rents and profits arising from the estate of the testatrix, to be held subject to the trust; but after making such purchase and a deed is made to him as trustee for the beneficiaries under and by the will of the testatrix, he is without authority to mortgage the property so purchased with the rents and profits, in order to secure the payment of the debts of the testatrix; such property so purchased not having been owned by the testatrix at the time of her death.

2. *Same; right of beneficiaries under a trust created in a will.* Where an executor named in a will is, in the same instrument, made a trustee for the children of the testatrix, and subsequently, in breach of his trust, he executes a mortgage upon the trust estate, which is foreclosed, the beneficiaries can maintain a bill against the purchasers at the foreclosure sale, for the purpose of asserting a trust in their favor in the property so purchased; and in order to maintain such a bill, it is not necessary that the beneficiaries should offer to refund to the purchasers the purchase money paid by them.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. CHAS. A. SENN.

The bill in this case was filed by the appellees against the appellants. The case made by the bill was as follows: Fannie T. Clisby died testate in January, 1889, leaving her husband, A. A. Clisby, and the complainants her only children and heirs at law, surviving her. At the time of her death she was possessed of a large estate of real and personal property. Her will was duly probated in March, 1889. In her will, after some special legacies of a few articles of personal property, she devised all of her estate to her husband, "Alfred A. Clisby, to have and to hold the same to himself, his heirs and assigns forever, upon the trust following." Then follows the several trusts imposed. The first provision as to the trust under which A. A. Clisby, the husband of the testatrix, was to hold the property, was in the following language: "To keep the same together for

and during his natural life, and during that time to manage, control and use the same for the benefit of my children, Warner Clisby, Louise Clisby, Angus Clisby, Kathleen Clisby, Leonard Clisby and all other children that may hereafter be born unto me, and it is my further will and desire that in the managing and control of said property and the expenditures of the rents and profits thereof for the purposes aforesaid my said husband and trustee shall use his own discretion and exercise his own judgment, and that he shall not be held to account by my said children for his actings and doings or for the manner of expending and using the rents and profits aforesaid, during his said life, but that he shall be free from liability to so account during his said life."

The will also contains the following provision in reference to the powers of A. A. Clisby, as trustee: "My said husband and trustee shall also have the power, and he is hereby authorized to mortgage any or all of the real estate that I may die owning (legally or equitably) in the State of Alabama, for the purpose of raising such amount or amounts of money as he may find necessary to pay my debts, including the indebtedness of others assumed by me, as part of the consideration of sales of real estate made to me, and shall apply the proceeds arising from the mortgage or mortgages as aforesaid to the payment of said indebtedness by me, and if he can not raise sufficient money for said purpose by mortgaging said property in whole or in part, then he is hereby authorized and empowered to sell at public or private sale such portions of my said estate as is absolutely necessary for that purpose and thus paying said indebtedness; said sale to be at such price and on such terms as my said trustee shall think for the best interest of my estate."

A. A. Clisby was also mentioned as executor of the will of Fannie T. Clisby, and after the probate of the will he entered upon the discharge of his duties as executor of the said will and as trustee under it. Out of the rents and profits received from said estate, A. A. Clisby, as trustee, purchased a lot in the City of Birmingham, which is the subject matter of the present

suit, and by deed bearing date, May 12, 1891, this lot was conveyed by the grantor, D. R. Maddox, to "Alfred A. Clisby, as trustee for Warner Clisby, Louise Clisby, Angus Clisby, Kathleen Clisby and John H. Clisby, under and by the will of Fannie T. Clisby, deceased, * * * to have and to hold to the said A. A. Clisby, trustee as aforesaid, his heirs and assigns forever." Prior to the purchase of said lot from D. Maddox, A. A. Clisby, in May, 1889, being indebted individually and as executor as aforesaid, to one Samuel Hirsch in the sum of $12,500, executed a mortgage to said Hirsch to secure said debt on the lot which belonged to Fannie T. Clisby at the time of her death, and which adjoined said lot purchased from Maddox. In this mortgage it was stated that A. A. Clisby was indebted individually and as executor of said will to said Hirsch, and that the mortgage was made to secure said indebtedness. At the maturity of this mortgage debt, A. A. Clisby, in order to secure an extension thereof for two years, and as a condition for said extension, executed a new mortgage, in which he conveyed not only the lot included in the other mortgage, but also the lot in controversy, which was bought by him from Maddox out of the rents and profits from the estate of Fannie T. Clisby. The extension in the time of the payment of the debt was the only consideration for including in the mortgage the lot purchased from said Maddox. This last mortgage to Hirsch was foreclosed under the power of sale contained therein and the lot bought from Maddox passed by mesne conveyances into Cornelia A. Sellew. In 1898, the said Cornelia A. Sellew executed a mortgage to S. P. Harris, by which it was the intention of the parties to convey the lot in controversy, but said lot was incorrectly described. In March, 1899, the mortgage to Harris was foreclosed under the power of sale contained therein, and the defendant, Otto Marx, became the purchaser, to whom S. P. Harris, the mortgagee, executed a deed describing the lands in the same way as they were described in the mortgage.

The defendant, Cornelia A. Sellew, went into possession of the lands at the time of the conveyance to her and

remained in possession thereof, receiving the rents until the date of the execution of the conveyance by Harris to Otto Marx, who then went into possession thereof and was in possession of the same at the time of the filing of the bill.    It was then averred in the bill that A. A. Clisby had no power as trustee, as executor or otherwise to mortgage the lot in controversy, which was purchased from Maddox, and that, therefore, those claiming said lot under A. A. Clisby took the title thereto with notice that it was burdened with trusts for the benefit of the complainants, set out in the will of Fannie T. Clisby, deceased.

Otto Marx, Cornelia A. Sellew and A. A. Clisby, as executor of and trustee under the will of Fannie T. Clisby are made parties defendant; and the prayer of the bill was that the conveyance of the lot in controversy "be held and decreed to have been made subject to the equitable right of the complainants as beneficiaries under said deed executed by said D. Maddox and under said will; and that the said Cornelia A. Sellew and said Otto Marx be required to account to complainants for the rents of said lands received by each of them, respectively, and that all title in said lands be divested out of said Cornelia A. Sellew and Otto Marx and vested in said A. A. Clisby, to be by him held for the use and benefit of the complainants, on the trust set out in said will." There was also a prayer for general relief.    The will of Fannie T. Clisby and the several conveyances referred to were made exhibits to the bill.

The defendants demurred to the bill upon the following grounds: "1. It appears from said bill that the lands which the complainants seek to recover were purchased by said Alfred A. Clisby with the rents and profits of said trust estate, and that by the terms of said will he cannot be held to account to the complainants for his actings and doings or for the manner of expending or using said rents and profits during his lifetime.    2. It appears from said bill that the said A. A. Clisby is not bound and cannot be held to account for the rents and profits of said trust estate which were invested in said lands during his lifetime.    3. The bill shows that the

·complainants had no claim upon the funds which were invested by the said A.A. Clisby in said lands. 4. Said bill shows that the debt which the mortgage to Samuel Hirsch was executed to secure was the debt of the said Fannie T. Clisby, for which her estate was bound and which the said A. A. Clisby had the power under said will to secure by a mortgage on said lands. 5. The bill shows on its face that the proceeds of the mortgage to Hirsch inured to the benefit of the complainants, and makes no offer to return or account for the same or any part thereof, which in equity and good conscience complainants are bound to do. 6. The bill shows that the complainants, having received the benefit of the mortgage to Hirsch, seek to repudiate the same and claim the lands so mortgaged without offering to account for the benefits so received or any part thereof. 7. Said bill fails to allege that the said A. A. Clisby is insolvent."

On the submission of the cause upon the demurrer, the chancellor rendered a decree overruling it. From this decree the defendants appeal, and assign the rendition thereof as error.

WHITE & HOWZE, for appellant.—The bill shows that this property was mortgaged and sold to secure a debt which was an encumbrance upon the estate which belonged to appellees, for they are the same persons throughout who are the residuary devisees and legatees under the will of Mrs. Clisby, and are also the same persons for whose benefit the deed from Maddox was taken; in each case they have the same relative interest in the property. They have, therefore, already received a benefit of the sale of the land in controversy and now propose to recover it from the purchaser holding under the mortgage sale, thereby seeking to reap the benefit of the proceeds of the sale of the land and at the same time to recover the land itself. This is a dishonest purpose, which the court will not lend itself to consummate.— *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 584; *Bell v. Craig,* 52 Ala. 215; *Goodwin v. Winter,* 64 Ala. 436; *Robertson v. Bradford,* 73 Ala. 116; *Oden v. Dupuy,* 99

[Marx *et al.* v. Clisby *et al.*]

Ala. 36; *Hobbs v. N. C. R. R.*, 122 Ala. 602. There is no offer in the bill to refund the benefit which has been received by the appellees from the sale of the property.— *Grider v. Mortgage Co.*, 99 Ala. 281; *Ross v. New England Mtg. Co.*, 101 Ala. 362; *George v. Same*, 109 Ala. 551; *S. B. & L. Ass'n v. Casa Grande Stable Co.*, 119 Ala. 182; Pomeroy's Eq. § 388.

BENNERS & BENNERS, *contra.*—The taking by Alfred A. Clisby of a deed to himself as trustee for his children created a trust which his children might enforce, irrespective of the source of the fund with which the lot was purchased. It was immaterial whether the purchase money was his own, being derived from sources other than the estate of his wife, or whether, coming from his wife's estate, he was free, under the terms of the will, to dispose of it as he saw fit. The terms of the deed created the trust.—*Randolph v. East Birmingham Land Co.*, 104 Ala. 355. The exemption of the trustee from accountability as to rents, income and profits did not give him an interest in such rents, income and profits.—*Bell v. Watkins*, 82 Ala. 512.

The power to manage and control an estate does not include the power to dispose of it.—*Goad v. Montgomery*, 63 Am. St. Rep. 145; *Blanton v. Mayes*, 58 Tex. 422; *Anderson v. Stockdale*, 62 Tex. 61; s. c. (2d report of) 3 S. W. Rep. 40; *Roosevelt v. Fulton*, 7 Cow. (N. Y.), 81.

The complainants received nothing from the mortgage of the lot which can be restored. They will not be required to return all or any part of the original mortgage debt.—*Gillespie v. Nabors*, 59 Ala. 441; *Hobbs v. Ry. Co.*, 122 Ala. 602 (in this case *Gillespie v. Nabors, supra,* and *Goodman v. Winter*, 64 Ala. 410, are distinguished). See also note, subdiv. d., on page 183 of 26 L. R. A.; Pomeroy's Equity Juris, § 387.

Where a trust fund has been wrongfully disposed of the beneficiary may pursue the trust fund itself, whether the trustee is solvent or insolvent.—*Indiana, etc., Ry. Co. v. Swannell*, 30 L. A. R. 290; 27 Am. & Eng. Encyc. of Law, 261-2.

8

HARALSON, J.—The first and second grounds of demurrer, the same in substance, are that the land complainants seek to recover was purchased with the rents and profits of the trust estate, and that by the terms of the will said A. A. Clisby cannot be held to account to the complainants for his acts and doings or for the manner of executing or using said rents and profits during his life. A sufficient answer to these grounds may be, that the purpose of the bill is not to make the trustee account for the said rents and profits. The trustee had the right, under the will, to invest rents and profits in this land. The bill admitting this, seeks to have the land thus purchased held as trust property for complainants' benefit under the deed. This property when purchased became complainants', purchased with their money, and was to be held by the trustee for their benefit. It was not subject to mortgage by the trustee under the will to pay debts of the testatrix, for it did not belong to her at her death, and it was only the lands owned by her at that time, that she gave the trustee power to mortgage. The probate and records of the will, and the record of the deed of Maddox to the trustee, Clisby, gave notice to all who dealt with the property afterwards, of the power of the trustee under the will, and the extent of his power.

The third ground of demurrer is in denial of the plain averments of the bill; and the fourth, also, goes in denial of its averments. The bill seeks no relief as to the land embraced in the original mortgage by the trustee to Hirsch to secure the $12,500; but even as to that mortgage, it is averred that the said Clisby owed that sum to Hirsch, both as an individual and as executor and trustee. How much of it he owed in his individual capacity, and how much as executor and trustee, is not stated; but it cannot be pretended he had any power to mortgage the trust lands to pay his individual debt. As to that part of the debt he is said to have owed as trustee, it may be, he had power under the will to mortgage the land. He had such power, if the debt was one which testatrix was liable for at her death, and it was

necessary to raise the money by mortgage to pay it. As to the new mortgage in extension of the older one and the debt it secured, it is still clearer, if possible, that the trustee had no power to include in it the Maddox land to pay a debt of his own; and he was without authority to include it in the latter mortgage, for the reason already stated—that it was not land which belonged to the testatrix at her death, and he had no power to mortgage any other. The will nowhere gave him power to mortgage land which he had purchased with rents and profits. What remedies, if any, creditors would have to pursue this land, as having been bought by the trustee with rents and profits of the estate, in case it were necessary to resort to it to pay their debts, is a question not here presented, and as to which we express no opinion.

The fifth and sixth grounds are without merit. They question the equity of the bill, for that complainants have not offered to return or account for the proceeds of the purchase money for said lot, which enured to their benefit, and have not offered to account for the benefits received by them. How could they be required to make such an offer? It was their money that paid for property, not liable under the will to be mortgaged; and as for that part of the other property covered by said mortgage, which might have been properly mortgaged to secure a debt of the testatrix, the only benefit complainants could have derived as to it, under said mortgage was its extension for two years, and even that extension of the mortgage might have been a disadvantage to them. We fail to see how the bill is liable to any of the objections interposed by demurrer. The complainants were not estopped by any unauthorized act of the trustee in mortgaging this trust land, nor have they received anything they are required to return, as a condition to the maintenance of their bill.—*Gillespie v. Nabors,* 59 Ala. 441; *Randolph v. E. B. Land Co.,* 104 Ala. 355. The decree overruling the demurrer must be affirmed.

Affirmed.