WESTERN UNION TELEGRAPH COMPANY v. A. Z. HAYS.

Decided April 10, 1902.

**1.—Telegraph Company—Charge of Court—Harmless Error.**

Where, in an action against a telegraph company, the charge fully and correctly instructs as to the degree of care required of defendant in the transmission of the message, an expression in the charge that defendant was a common carrier of messages, though not technically correct, was harmless error.

**2.—Same—Filing Claim with Company—Amendment.**

Where plaintiff did not, until after filing suit, filed his claim for damages with the telegraph company as required by the contract, but did so file it afterwards and within the stipulated ninety days, and set up this fact by amended petition, paying all costs up to the time of such amendment, defendant was not entitled to a new trial on the ground that the suit was prematurely brought.

**3.—Appeal—Fundamental Error—Charge—Assignment.**

That the charge authorized a recovery for physical as well as mental suffering when there was no allegation or proof of any physical suffering, is not such fundamental error as can be considered in the absence of a proper assignment of error as required by the statute. Rev. Stats., art. 1018.

Appeal from Walker. Tried below before Hon. J. M. Smither.

*N. G. Kittrell* and *A. H. Jayne,* for appellant.

*Jno. C. Williams* and *Ball, Dean & Humphrey,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellee to recover of appellant damages for grief and mental pain and anguish alleged to have been suffered by appellee by reason of the negligent failure of appellant to promptly transmit and deliver a telegram sent to appellee announcing the fatal illness of his sister.

The appellant answered by general demurrer and general denial, and by special plea in abatement set up the failure of plaintiff to file claim for damages within ninety days of the date of the message and prior to the bringing of his suit, in accordance with the terms of the contract under which appellant received and undertook to transmit and deliver said message; and further pleaded that the delay in the transmission of the message was not caused by any negligence on the part of appellant, but was due to a violent and unprecedented storm which so damaged its lines as to prevent the prompt transmission of said message, and which was an act of God for which appellant could not be held liable. The trial in the court below by a jury resulted in a verdict and judgment for appellee for the sum of $550.

The telegram was received by the appellant at Mount Pleasant, Texas, at 6:35 p. m., February 27, 1900, for transmission to appellee at Huntsville, Texas, and was not delivered to appellee at Huntsville until 8 p. m., February 28, 1900. The evidence is sufficient to sustain the finding of the jury that the delay in the transmission and delivery of said telegram was due to the negligence of the appellant, and that such

negligence was the proximate cause of the pain and anguish suffered by appellee by reason of his being deprived of the privilege of attending his sister's funeral. The conclusion of fact disposes of the question raised by appellant's fourth assignment of error, which assails the verdict and judgment as being unsupported by the evidence.

We shall not discuss the several assignments of error in detail, but will content ourselves with a brief statement of our conclusions upon the questions presented in appellant's brief. The expression in the court's charge that appellant was a common carrier of telegraphic messages, while not technically correct, was harmless error, because the paragraph of the charge in which said expression is used correctly and fully instructed the jury as to the degree of care required of appellant in the transmission of messages, and appellant could not have been injured by the use of such expression.

No claim for damages was filed with appellant before the original petition in this case was filed, as required by the contract under which appellant undertook to transmit and deliver the message, and upon this ground on the former appeal of this case the judgment of the court below was reversed. It appears, however, that such claim was filed within ninety days from the date of the telegram and prior to the filing of the amended petition upon which the case was tried and the judgment rendered from which this appeal is prosecuted. The court below adjudged all costs which had accrued prior to the filing of the amended petition against the appellee. Under these facts appellant was not entitled to a new trial on the ground that no claim for damages had been filed before the institution of the suit and therefore the suit was prematurely brought. The amendment alleges a compliance with the terms of the contract, and appellant was only entitled to recover costs which had accrued up to the filing of the amendment and not to have the suit dismissed. Telegraph Co. v. Hays, 63 S. W. Rep., 172.

We are of opinion that the petition in this case discloses a good cause of action and the general demurrer thereto should have been overruled.

Appellant assigned no error in the court below attacking the charge of the court on the ground that it authorized the appellee to recover for physical as well as mental suffering, when there was no allegation or proof of any physical suffering on his part. If such error exists in the charge, it is not such fundamental error as can be considered by us in the absence of a proper assignment. Article 1018, Revised Statutes, provides that "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived."

We find no reversible error in the record of this case and the judgment of the court below is affirmed.

*Affirmed.*