Western Union Telegraph Company v. J. H. Cooper.

Decided June 14, 1902.

**1.—Telegraph Company—Delayed Death Message—Evidence.**

Where a message was received for transmission at noon, advising plaintiff of his mother's death and telling him to come if he could arrive by 2 o'clock, and the telegraph company understood from the circumstances that the time referred to was 2 o'clock p. m. of the following day, it was not error to permit plaintiff to testify that he would have so understood it.

**2.—Same—Declarations of Agent.**

As against an objection of immateriality and irrelevancy, it was permissible for a witness to whom the telegraph company's agent gave the message for de-

livery to plaintiff to testify that the agent then said he had received it about 2 o'clock the day before, and did not have time to find anyone to deliver it.

**3.—Interstate Message—Law of Contract—Mental Suffering.**

Where a message was delivered at a point in Texas for transmission to another Texas point, via Marietta (I. T.), and the negligence constituting the ground of recovery occurred in such Territory, the law of Texas determined the effect of the contract, and damages for mental suffering unaccompanied by physical injury could be recovered for such violation, although not allowed by the law of the Territory.

**4.—Same—Filing Claim with Company.**

Where plaintiff's petition was filed and service of citation had within ninety days, this was a sufficient compliance with a stipulation in the contract for the transmission of the message requiring that a written claim for damages should be presented to the telegraph company within ninety days. Following Telegraph Company v. Piner, 9 Texas Civil Appeals, 152.

Appeal from Cooke. Tried below before Hon. D. E. Barrett.

*Wilkins & Vinson,* for appellant.

*Cruce & Cruce* and *Potter & Potter,* for appellee.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment for $675 in a mental anguish case.

Upon the death of appellee's mother the following telegram was sent to him at Lebanon, via Marietta, I. T., from Windom, Texas, by his brother, who paid all charges, including that for special delivery from Marietta to Lebanon: "Ma dead. If you can reach here by two o'clock, come." It was received for transmission and delivery by appellant about noon, April 4, 1901, and transmitted to Marietta, I. T., about two hours later, but no effort was made to deliver it to appellee till between 12 and 1 o'clock of the day following, and it was not delivered to him until long after the burial of his mother, which took place at Windom, Texas, about 4 o'clock p. m., April 5. If any reasonable effort had been made by appellant to deliver the message after it reached Marietta it would have accomplished the purpose for which it was sent. In other words, actionable negligence on the part of appellant after the message reached Marietta was conclusively established; which answers the objection to the charge made in the third assignment.

In receiving the message for transmission and delivery appellant understood and appellee, under the circumstances shown in evidence, would have understood the words "by two o'clock" to refer to 2 o'clock p. m. of the following day, and there was no error in permitting appellee, so far as he was concerned, to so testify over the objection urged in the first assignment. Telegraph Co. v. Norris, 60 S. W. Rep., 982.

Nor did the court err in permitting witness Claiborne, to whom the message was finally handed for delivery by appellant's agent at Marietta, to testify, over the objection urged in the second assignment, as follows: "At the time he [the agent at Marietta] gave me the message he said he received it the day before about 2 o'clock, and didn't have time to see

any person to get to deliver it. He said he was very busy and asked would I deliver the message. I said I would. He said he received it the day before, Thursday, about 2 o'clock, and didn't have time to get out and see about sending it, and he asked me to take it. I said I would, and he said charge Cooper what I pleased. I had taken it out Friday evening and forgot it. I never delivered it, and kept it in my pocket from 1 o'clock on Friday till Saturday evening about 6 o'clock. I forgot it. I told a man by the name of Gray to take it to him, and I guess he delivered it to Cooper."

The agent of the telegraph company seems to have been then so far acting for his principal as to render his declaration admissible; but however this may be, the only objection made was that the testimony was immaterial and irrelevant.

What seems to be appellant's chief contention is embodied in the fourth assignment, reading: "The court erred in refusing to give to the jury defendant's special charge number 2, to the effect that the undisputed testimony showed that the contract sued on was entered into in the State of Texas, and was broken, if at all, in the Indian Territory, and that damages for mental suffering unaccompanied by physical injury could not be recovered in the Indian Territory, and that the jury should therefore find for the defendant."

Two decisions of this court (Telegraph Company v. Phillip, 30 Southwestern Reporter, 474, and Telegraph Company v. Clark, 38 Southwestern Reporter, 225), in each of which a writ of error was denied, are cited by appellee as a conclusive answer to this contention, but the precise question now raised was not quite raised in those cases, though it might have been, the difference being that in the cases cited the question decided was one of jurisdiction, while in the case now before us the question is one of liability, depending upon whether the laws of Texas or of the Indian Territory are to govern. But in a well considered opinion of the Supreme Court of Missouri in Reed v. Telegraph Company, 37 Southwestern Reporter, 907, which is a parallel case, the question now raised was involved and decided against appellant's contention, as will be seen from the following quotation from that opinion: "The contract was made in Iowa, and, according to its terms, it was to be partially performed in that State. Indeed, it is quite evident its breach occurred in that State. Does the circumstance that it was to be partially performed in Missouri exempt it from the laws of Iowa? We think most clearly not. Like a contract of affreightment, its validity and interpretation ordinarily are to be governed by the law of the State in which it was made. The statute of Iowa in no sense attempts to regulate interstate communication by telegram. Both parties to this agreement for the transmission of the message resided in Iowa. The tariff was paid and defendant entered upon the performance of the contract in that State. The statute and laws of Iowa were therefore pertinent and admissible, and determined the effect of said

contract. McDaniel v. Railway, 24 Iowa, 416; Liverpool, etc., Steam Co. v. Insurance Co., 129 U. S., 457, 9 Sup. Ct., 469. See also Gray v. Tel. Co. (Tenn.), 64 S. W. Rep., 1063, and cases there cited, including 129 U. S., 457. We approve this decision.

The case so much relied on by appellant, that of Thomas v. Telegraph Company, 61 Southwestern Reporter, 501, is not a parallel case, for there the contract was both made and wholly to be performed in the State of Arkansas, where a different interpretation of the law of damages in cases of this sort prevails. Peay v. Telegraph Co., 43 S. W. Rep., 965.

The fifth and sixth assignments must be overruled, because the evidence wholly fails to show whether or not any notice of appellee's claim other than the filing of the original petition was given within ninety days after the message was filed for transmission. However, as it appears from the amended petition and proof that the original petition was filed and citation served within the ninety days, the case seems to come within the ruling of this court in Telegraph Company v. Karr, 24 Southwestern Reporter, 302, and Telegraph Company v. Piner, 29 Southwestern Reporter, 66, to which we still adhere. See also Telegraph Co. v. Hays, 67 S. W. Rep., 1072.

The four remaining assignments are clearly untenable and need not be noticed. The judgment is affirmed.

*Affirmed.*