### WESTERN UNION TELEGRAPH COMPANY v. COLEMAN YOUNG.

Decided December 13, 1910.

**1.—Telegraph Company—Negligence—Lex Loci Contractus.**

The law of the place where a contract is made with a telegraph company for the transmission of a message, will control in determining the liability of the company for failure to promptly transmit and deliver the same.

**2.—Same—Law of Alabama.**

Under the laws of Alabama, damages for mental suffering are recoverable against a telegraph company for negligent failure to transmit or deliver a death message where a right of recovery is shown for some matter of actual damage aside from such injuries; as, for instance, a right to recover the toll or charge paid for the transmission of the message.

**3.—Same—Right to Recover Charge Paid for Message, Gives Right to Recover for Mental Suffering.**

Under the laws of Alabama a right to recover a toll or charge of sixty-five cents for the transmission of a telegram gives a right to recover nine hundred and ninety-five dollars for mental suffering caused by failure to deliver the same.

**4.—Same—Telegram—Agency of Sender.**

One who sends a telegram upon the happening of a certain contingency in accordance with a previous request or directions of the sendee, is the agent of the sendee for that purpose.

**5.—Appeal—Insufficient Assignment.**

An assignment of error that the judgment is without pleading and evidence to support it, is too general to require consideration.

Error from the County Court of Orange County. Tried below before Hon. O. R. Sholars.

*Hume, Robinson & Hume,* for plaintiff in error. *Geo. H. Fearons,* of counsel.—Plaintiff having sustained no damages other than for mental anguish, under the laws and decisions of the State of Alabama he was

not entitled to recover.  Anniston Cordage Co. v. W. U. Tel. Co., 49 So., 770; W. U. Tel. Co. v. Jackson, 50 So., 316; W. U. Tel. Co. v. Hill, 50 So., 252.

*J. T. Adams* and *W. O. Huggins,* for defendant in error.—If, in consideration of the toll paid to it by the agent of the sendee, the telegraph company undertakes to transmit and deliver a message to the sendee and fails to do so, the amount of the toll is recoverable at the suit of the sendee.  Western Union Telegraph Co. v. Wilson (Supreme Court, Alabama), 9 So. Rep., 414; Western Union Telegraph Co. v. Cunningham, 99 Ala., 314 (14 So. Rep., 579); Manker v. Western Union Telegraph Co., 137 Ala., 292 (34 So. Rep., 837); Western Union Telegraph Co. v. Manker, 145 Ala., 418 (41 So. Rep., 850); Western Union Telegraph Co. v. Rowell, 45 So. Rep., 78; Postal Telegraph Co. v. Ford, 117 Ala., 672 (23 So. Rep., 684); Western Union Telegraph Co. v. Prevatt, 43 So. Rep., 106; Western Union Telegraph Co. v. Heathcoat, 43 So. Rep., 117; Western Union Telegraph Co. v. Seed, 22 So. Rep., 474; Western Union Telegraph Co. v. Guinn, 130 S. W., 616.

The sendee of a telegram filed for transmission and delivery to him by his agents is entitled to recover nominal damages for the failure of the telegraph company to transmit and deliver same to him, and upon such recovery damages for mental anguish may rest under the laws of Alabama.  Postal Telegraph Co. v. Ford, *supra,* and other authorities cited under the foregoing proposition.  Also, Western Union Telegraph Co. v. Wilson, *supra,* as quoted in remarks under foregoing proposition.

McMEANS, ASSOCIATE JUSTICE.—Coleman Young, plaintiff in the court below, sued the defendant, Western Union Telegraph Company, to recover damages growing out of the failure of defendant to transmit and make timely delivery of a telegram which read as follows:

"Birmingham, Alabama, July 30, 1907.
"Coleman Young, P. O. Box 100, Orange, Texas:
"Columbus Young is dead.  Send money.
(Signed)        Bessie Pool."

Plaintiff alleged, in substance, that his brother, Columbus Young, who was with his and plaintiff's mother and stepfather in Birmingham, Alabama, was afflicted with an incurable disease; that in order to be advised from time to time of the condition of his said brother and in order to supply his said brother with funds which he would need from time to time, and particularly in order to be advised of the death of his said brother when same should occur, so that plaintiff might attend his funeral and supply funds for his proper interment, plaintiff authorized his said mother, Bessie Pool, and his stepfather, C. R. Pool, to act as his joint agents in so advising him; that Columbus Young died on July 30, 1907, and the said C. R. Pool and Bessie Pool prepared the telegram above set out, which the defendant, in consideration of the

sixty-five cents then paid to it, agreed and promised to correctly transmit and deliver to plaintiff then residing at Orange, Texas, within a reasonable time; but that defendant failed to transmit and deliver the same, although it could have done so on said day by the use of reasonable diligence; that by reason of the negligence of defendant to transmit and deliver said message promptly and within a reasonable time, plaintiff was prevented from being present at the funeral services of his brother, which he would have attended and at which he would have been present had said message been delivered to him promptly, and was not enabled to provide his brother with decent and respectable burial, the said Columbus Young having been destitute at the time of his death, and the family of deceased being wholly dependent upon plaintiff at said time to supply funds for said purpose and which funds he would have promptly supplied to his said agents for said purpose had said message not been delayed as aforesaid; and he was not able to see that the remains of his brother were properly cared for, which he would have done had said telegram been not so delayed; in consequence of all which he suffered mental anguish and pain to his damage in the sum of $995. He prayed for judgment for said sum and for the sixty-five cents, being the price paid by his agents to the defendant for the transmission of the telegram.

Defendant pleaded the general issue, and specially pleaded that plaintiff was not entitled to recover damages for mental anguish because the contract alleged was an Alabama contract, being made in that State, and that damages recoverable in such cases are governed by the law and decisions of the State of Alabama; that actual damages are not recoverable for mental anguish under the law and decisions of said State.

The case was tried before the court without a jury and resulted in a judgment for $995.65. From this judgment the defendant has brought the case to this court by writ of error.

The first assignment of error is as follows: "The court erred in rendering judgment for, and awarding to plaintiff damages for, mental anguish, for this: The contract for sending was made in Alabama and as such was an Alabama contract. The damages recoverable thereunder for a breach thereof being governed and controlled by the law and rules of decision of the courts of Alabama, damages for mental anguish unaccompanied by physical injuries or pecuniary loss can not be recovered."

Plaintiff in error urged under this assignment that "Plaintiff having sustained no damage other than for mental anguish, under the laws and decisions of the State of Alabama he was not entitled to recover."

There was no evidence to show what the law and decisions of Alabama in this regard are, but the following agreement, signed by the parties, is found in the record:

"It is agreed by and between the parties hereto that either party may present at the trial or upon appeal any law or decision of the State of Alabama affecting this case in any way without pleading same, also may add to same on appeal; it being the purpose to have the law of

Alabama established and such advantage taken of said law at any time by either party as may be just under said Alabama law."

We shall assume that under the agreement the decisions from the courts of Alabama upon the question raised by the assignment, which are cited in the briefs of the parties, were read to the trial judge and considered as evidence by him in reaching his conclusions. The first question raised by the assignment is: Where a message is received by a telegraph company in one State for transmission to a point in another State, does the law of the former State control as to the liability of the company for failure to promptly transmit and deliver the message? Upon the authority of the following cases this question must be answered in the affirmative. Western U. Tel. Co. v. Sloss, 45 Texas Civ. App., 153 (100 S. W., 354); Western U. Tel. Co. v. Garrett, 46 Texas Civ. App., 430 (102 S. W., 456); Western U. Tel. Co. v. Parsley, 57 Texas Civ. App., 8 (121 S. W., 226); Western U. Tel. Co. v. Waller, 96 Texas, 589; Western U. Tel. Co. v. Cooper, 29 Texas Civ. App., 591 (69 S. W., 427).

The question that next arises is: Under the laws of Alabama as construed and applied by the courts of that State, are damages arising from mental distress, growing out of a breach of a contract to transmit and deliver a telegram, recoverable against the telegraph company? From the decision of the Supreme Court of Alabama in the case of Western Union Telegraph Company v. Hill (50 So., 252), decided May 13, 1909, we quote the following:

"Likewise, the authorities are far from uniform as to whether or not damages for mental anguish are recoverable in actions for failure or delay in delivering or transmitting telegrams; some courts holding that they are recoverable in certain actions and not in others; some courts holding that they are recoverable under certain conditions and not under others.; and some holding that they are not recoverable in any action or under any conditions. These various rulings and conflicting decisions. involve various perplexing questions, as to all of which very few agree.. One is: Whether the sendee as well as the sender can recover; whether the action is in contract or in tort; whether the mere violation of a contract as to injured feelings and mental anguish, disconnected and disassociated from physical injury or injury to estate, is an element of damages; to what extent the message must show on its face the relationship of the parties; and whether damages for mental anguish are in their nature punitive or compensatory. However, the rule has been settled in this State, and probably can not be better or more succinctly expressed than was done by Chief Justice McClellan in the case of Blount v. Western Union Tel. Co., 126 Ala., 107, 27 So., 779, as follows: 'The complainant in this case claims damages only for mental suffering. Such damages are not recoverable in actions for the non-delivery or negligent delivery of telegrams, except in case where there is a right of recovery aside from such injuries. There can be no recovery of actual substantive damages for physical injuries or injuries in estate here, for no such damages are claimed. There can be no recovery here of nominal

damages as for a breach of contract—to which we have held that damages for mental suffering may be superadded—because the complaint is not upon contract, but purely in tort. No recovery, apart from damages for mental suffering, in other words, can be had on this complaint, and, therefore, no recovery for mental suffering can be had.' Or by Chief Justice Tyson, in Westmoreland's Case, 151 Ala., 319, 44 So., 383, to this effect: 'Such damages, notwithstanding their elusive character, are actual; but they are ordinarily not the natural result of a breach, and thus not within the contemplation of the parties. In cases where they are not clearly contemplated, it would be dangerous and unfair in the extreme to allow them. When the message is between persons of a close degree of relationship and relates to exceptional events, such as sickness or death of such relations, in which a failure to deliver obviously comprehends mental distress and anguish, we have allowed such anguish as an item of damages; but to extend as a natural result the allowance on other occasions would in our judgment tend to promote and encourage a species of litigation more or less speculative in its nature, and unjust and oppressive in its results.' Crooker's Case, 135 Ala., 492, 33 So., 45, 59 L. R. A., 398; Ayers' Case, 131 Ala., 391, 31 So., 78, 90 Am. St. Rep., 92; Water's Case, 139 Ala., 653, 36 So., 773; Crumpton's Case, 138 Ala., 632, 36 So., 517; Henderson's Case, 89 Ala., 510, 7 So., 419, 18 Am. St. Rep., 148; Krichbaum's Case, 132 Ala., 535, 31 So., 607; Cunningham's Case, 99 Ala., 314, 14 So., 579; Wilson's Case, 93 Ala., 32, 9 So., 414, 30 Am. St. Rep., 23; McNair's Case, 120 Ala., 99, 23 So., 801. As was said by Chief Justice Tyson in Westmoreland's Case above: 'It is often a question difficult to determine whether an action from its mere nature or its form is in case or assumpsit. . . . Manifestly the measure of damages in such cases can not be altered in any material respect by a mere adoption of one form of action rather than another for the redress of the same grievance.' "

From the foregoing we conclude that under the laws of Alabama as construed by its highest judicial authority, damages for mental suffering in an action for negligent failure to transmit or deliver a telegram are recoverable in such cases as the one under consideration where there is shown a right of recovery aside from such injuries.

This brings us to the further inquiry: Do the pleadings and proof show a right of recovery in Coleman Young other than for mental anguish? He prayed for the recovery of the sixty-five cents paid by C. R. Pool for transmission and delivery of the telegram, and the allegations of his petition are sufficient to authorize such recovery, and we think that such allegations are amply sustained by the evidence. Coleman Young testified that upon being informed by his mother, Bessie Pool, that his brother, Columbus, had consumption and would not live long, he authorized her and his stepfather, C. R. Pool, to telegraph him at once when Columbus died, and that he would immediately send money to defray his funeral expenses and would also go to Birmingham upon the occasion; that he had authorized his mother and stepfather to send him the telegram, and that his mother and stepfather were his agents

for the purpose of sending to him such a telegram. Bessie Pool testified that Coleman Young had told her to notify him at once upon the death of his brother, and that was the reason she sent the telegram. The testimony further shows that when Columbus Young died Bessie Pool dictated the message in question and that C. R. Pool carried it to the telegraph office and delivered it to the defendant's agents, and paid to them sixty-five cents for its transmission and delivery.

All of the foregoing testimony was undisputed, and we think that it is clear therefrom that in sending the telegram Coleman's mother and stepfather were acting for him, and that he was responsible to them for the sum paid by them as telegraph tolls, and that Coleman Young, under the facts of this case, was entitled to recover the amount so paid from the telegraph company. This being true, the pleadings and proof show a right of recovery aside from injuries for mental distress, and in such cases damages for mental anguish are recoverable under the laws of Alabama. Western U. Tel. Co. v. Wilson, 93 Ala., 32, 9 So., 414, 30 Am. St. Rep., 23. The assignment presents no reversible error and is overruled.

The second assignment complains that the judgment is contrary to law because it was not shown that plaintiff could and would have been present at the funeral but for defendant's failure to deliver the telegram. Plaintiff testified that had he received the telegram on the day it was sent, or the day afterward, he would have departed on the night train and would have been at his brother's funeral. He also testified that he had saved up sufficient funds to pay the expenses of his trip to Birmingham in order to be present at the funeral of his brother, whose death he had for some time anticipated. We think that the undisputed proof showing that he would have been present at the funeral, had the message been delivered, implies that he could have attended, and that more definite proof that he could have so attended was unnecessary.

The third assignment, submitted as a proposition, is that the judgment is without pleading and evidence to support it. Appellee objects to the consideration of the assignment on the ground that the same is too general, and we think the objection should be sustained.

This disposes of all the assignments of error urged by plaintiff in error, and, none of them presenting any reversible errors, the judgment of the court below must be affirmed.

*Affirmed.*