WESTERN UNION TELEGRAPH CO. v. MOORE.†

(Court of Civil Appeals of Texas. Galveston. June 12, 1911. Rehearing Denied June 29, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 66*) — ACTIONS—SUFFICIENCY OF EVIDENCE—FOREIGN LAW.

Evidence, in an action against a telegraph company for nondelivery of a message, *held* to show that under the laws of California, where the contract was made, plaintiff is not entitled to recover damages for mental anguish caused by nondelivery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

2. COURTS (§ 95*)—WHAT LAW GOVERNS.

The decisions of the courts of a state where a contract was made, construing its statutes and deciding what its law is on a given subject, are binding when the same questions are raised in other states on an attempt to enforce the contract.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 322, 323; Dec. Dig. § 95.*]

3. TELEGRAPHS AND TELEPHONES (§ 27*) — ACTIONS—WHAT LAW GOVERNS—PLACE OF CONTRACT.

The rule that the rights and liabilities of parties to a contract are determined by the lex loci contractus applies to contracts for transmitting telegrams.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 27.*]

4. TELEGRAPHS AND TELEPHONES (§ 27*)— CONTRACTS—CONSTRUCTION.

P. telegraphed plaintiff from California, stating that their mother had died that day, and that plaintiff's sister would 'bring her to the town of C., and that he would wire plaintiff when arrangements were completed, and two days thereafter plaintiff in Texas telegraphed P. to wire him when his sister started, her route, and the arrangements in C., and in answer to that telegram P. on the same day delivered a message addressed to plaintiff stating that his sister and mother left "tonight,"

---

giving the route, etc., which latter message was never delivered. *Held*, that the several telegrams constituted separate contracts, so that it could not be claimed that they constituted an entire contract made in Texas and gave the right to recover under the laws of Texas for failure to deliver the last telegram referred to, which was delivered for transmission in California.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 27.*]

Appeal from District Court, Houston County; S. W. Dean, Judge.

Action by H. F. Moore against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Adams & Young, Young & Stinchcomb, and Geo. H. Fearons, for appellant. Nunn & Nunn, for appellee.

PLEASANTS, C. J. Appellee brought this suit against appellant to recover damages for the failure of appellant to transmit and deliver to him at Crockett, Tex., the following telegram: "Los Angeles, California, November 30, 1908. Mr. H. F. Moore, Crockett, Texas. Kate and her Mother leave here tonight. Santa Fe Chicago & Alton to St. Louis arriving 7:00 Friday morning. Leave St. Louis Baltimore & Ohio 9:00 Friday morning. If you go to Chillicothe can likely accompany them from St. Louis. Have wired Chillicothe folks to make arrangements there. [Signed] W. C. Patterson."

The petition alleges, substantially: That on or about November 30, 1908, plaintiff, having theretofore received a telegram from W. C. Patterson, of Los Angeles, Cal., his brother-in-law, notifying him of the death of his mother, telegraphed the said Patterson as follows: "Wire me when Kate starts, her route, and the arrangements in Chillicothe." That the said message was promptly transmitted and delivered to said Patterson. That upon receipt of the said message from the plaintiff the said W. C. Patterson entered into a contract with an agent of the defendant at Los Angeles, Cal., to promptly transmit and deliver the message sued upon. That he paid the proper charge therefor. That he then and there informed the said agent of the facts and circumstances requiring a speedy transmission and delivery of the message, and that the appellant accepted said message and agreed and obligated itself to transmit and deliver the same with reasonable dispatch. The appellee further alleged that the said message was never transmitted to Crockett, Tex., and was never delivered to the appellee, and that, as a result thereof, the appellee did not accompany his sister Kate and the remains of his mother from St. Louis, Mo., to Chillicothe, Ohio, and was not at the funeral of his mother, and that his relatives and friends thought

strangely of his conduct and criticised him, and that by reason thereof he suffered grief and mental anguish to his damage in the sum of $1,950, and $2.45 as the fee paid to transmit and deliver the message, aggregating $1,952.45, and for which he asked judgment.

The appellant answered by a general denial, and specially answered: That the message contract was made in the state of California, and that the laws of said state did not, at the time of the message contract, nor at the time of the trial, permit or allow any recovery of damages for mental anguish suffered as alleged in the appellee's petition, but that said laws prevented such recovery, and the said laws of the state of California were pleaded in bar of the appellee's action. That it was a part of the message contract that, if said message was not repeated, the appellee's recovery, in the event he suffered damages, should be limited to the amount paid for the transmission of the message, $2.45, and that, the said message being an unrepeated one, his recovery should be limited to that amount, and that the laws of the state of California, at the time of the message contract, and at the time of the trial, upheld this stipulation, and that the laws of the state of California were pleaded in support of this stipulation in the contract, and in bar of the appellee's suit. That it was a part of the message contract that the appellant would not be liable for damages or statutory penalties in the absence of a claim being presented in writing within 60 days after the message sued upon was filed with the company for transmission, and that no claim was filed with the appellant within said time, and that the laws of the state of California, at the time of the message contract, and at the time of the trial, upheld this stipulation, and that the laws of said state were pleaded in support of that part of the message contract and in bar of the appellee's action. That the damages suffered by the plaintiff, if any, were the direct and proximate result of his contributory negligence.

The cause was tried before the court without a jury on March 24, 1910, and resulted in a judgment in favor of the appellee for $1,000.

At the request of appellant the trial judge filed the following conclusions of fact and law:

"(1) I find that according to a prior arrangement and understanding between plaintiff and his older sister, Mrs. W. C. Patterson, the wife of W. C. Patterson, a resident of Los Angeles, Cal., and their mother, Mrs. Mariah Jones Moore, also a resident of Los Angeles, Cal., to the effect that upon the death of their mother, at her special request, her remains were to be taken to and interred at Chillicothe, Ohio, her old home, and the plaintiff was to meet en route and ac-

company the remains to Chillicothe, and see that same were properly interred, plaintiff on the 28th day of November, 1908, was notified of the death of his mother by the following telegram: 'Los Angeles, California, 11/28/08. Mr. H. F. Moore, Crockett, Texas. Our mother died peacefully 10:30 this afternoon. Kate will bring her to Chillicothe. Will wire when arrangements are completed. W. C. Patterson.' This telegram was received by the plaintiff about 4 o'clock on said date.

"(2) The plaintiff, not receiving any further communication, on the 30th day of November, 1908, sent by the defendant the following telegram: 'To W. C. Patterson, Los Angeles, California. Wire me when Kate starts, her route and the arrangements in Chillicothe. H. F. Moore.' This telegram was filed with the telegraph company at Crockett, Tex., about 9:40 o'clock a. m. on said date, and was transmitted with reasonable dispatch and was shown to be a rush message. In answer to said telegram, W. C. Patterson filed with the defendant on said date, about 12 o'clock m., the following telegram: 'November 30th, 1908. Mr. H. F. Moore, Crockett, Texas. Kate and her mother leave here tonight. Santa Fe Chicago & Alton to St. Louis, arriving 7:00 Friday morning. Leave St. Louis Baltimore & Ohio 9:00 Friday Morning. If you go to Chillicothe can likely accompany them from St. Louis. Have wired Chillicothe folks to make arrangements there. W. C. Patterson.' Said telegram was received by the defendant, the charges therefor of transmitting same of $2.45 paid by the said Patterson, and said telegram was transmitted by the defendant from Los Angeles, Cal., to El Paso, Tex., and same was mislaid or destroyed in the office of the defendant at El Paso and was never transmitted to Crockett, Tex., nor delivered to plaintiff, and after said telegram was filed with the defendant at its office in Los Angeles, Cal., the plaintiff requested and caused the defendant's agent and operator to send what is called a service message, as follows: '11/30/1908. To Los Angeles, California. Please get us quick answer and rush ours 12 paid date W. C. Patterson, Sgd. Moore. Crockett, Texas, 11/30/1908.' The same was sent by said operator at 1:16 p. m. on said day without charge to plaintiff; but no reply was ever received or any information in regard thereto, until some time in December, when the investigation was going on by the defendant, as to why the telegram above referred to of date November 30, 1908, was not delivered.

"(3) I find that the defendant was guilty of gross negligence in failing to transmit and deliver to plaintiff the telegram above referred to of date November 30, 1908, addressed to H. F. Moore, Crockett, Tex., and signed by W. C. Patterson, and that such negligence occurred in the state of Texas.

"(4) I find that section 3300 of the Civil Code of California, which reads as follows: 'For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom'—this (being amendment of 1873–74) supersedes section 3301, enacted March 21, 1872, which reads as follows: 'No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin.'

"(5) I find that the appellate courts of the state of California have never passed on the question of recovery of damages on account of mental anguish or suffering in telegraph cases.

"(6) I find that it was mutually understood between plaintiff and W. C. Patterson that they would equally share the funeral expenses of Mrs. Mariah Jones Moore, including telegrams and all other expenses, and that the $2.45 paid the defendant by said Patterson to transmit the telegram, which was never delivered, was borne equally by plaintiff and said Patterson, and that the telegram sent by plaintiff to Patterson, the telegram sent by Patterson to plaintiff in reply thereto, and the service message sent by the defendant at the instance of plaintiff was a continuous transaction.

"(7) I find the amount of damages claimed by plaintiff by reason of the failure of defendant to deliver the telegram above set out, by reason of his failure to attend the funeral of his mother on account of not receiving the information contained in said telegram, and by reason of the mental anguish and suffering occasioned thereby, amounted to the sum of $1,000.

"(8) I find that the first message sent by Patterson to Moore on the 28th day of November, 1908, from Los Angeles, Cal., to Crockett, Tex., was the inception of the telegraphic correspondence between Moore and Patterson, but such message constitutes no part of the transaction begun and consummated by the second and third messages, as set out in first finding, and the first message is no part of the transaction for which damages are sought in this action, but was introduced in evidence on question of notice.

"(9) I find that there is no difference in the law of California and Texas upon the question of recovery for mental anguish.

### "Conclusions of Law.

"I conclude that the defendant was guilty of gross negligence in its failure to transmit with reasonable dispatch and deliver to the plaintiff the telegram of W. C. Patterson to plaintiff. dated Los Angeles, California, November 30, 1908, and that such negligence occurred in the state of Texas.

"(2) I conclude that the telegram of plain-

tiff to W. C. Patterson, the telegram of W. C. Patterson in reply thereto, and the tracer or service message sent at instance of plaintiff, constitute but one and a single transaction and a continuous contract, and that the laws of the state of Texas govern on the question of damages.

"(3) I conclude as a matter of law that the appellate courts of the state of California have never passed on the question of recovery of damages on account of mental anguish or suffering in telegraph cases, and that section 3300 of the Civil Code of California enacted 1873-74 supersedes section 3301 of said Code, limiting the recovery for a breach of contract, and permits a recovery for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom.

"(4) I conclude that the plaintiff, in consequence of the failure of defendant to deliver the telegram as alleged, has suffered great mental anguish and pain and is entitled to his judgment for damages in the sum of $1,000.

"(5) I conclude that, there being no difference in the law of California and Texas on the right to recover for mental anguish, the plaintiff in this case would be entitled to recover under the law of California."

Under appropriate assignments of error, which are properly presented, the appellant assails the fact findings of the trial court that section 3300 of the Civil Code of California, set out in the fourth finding of fact, supersedes section 3301 of said Code, copied in said finding, and "that there is no difference in the law of California and Texas upon the question of recovery for mental anguish," and the conclusion of law that plaintiff is entitled to recover damages upon the facts shown by the evidence for the mental anguish caused by the failure of the appellant to transmit and deliver the telegram. These findings of fact and conclusion of law are complained of on the ground that they are without any evidence to support them and are contrary to the undisputed evidence.

The Civil Code of the state of California, which was introduced in evidence, contains the following:

Section 3300 of said Code is: "Measure of damages for breach of contract. For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. En. March 21, 1872, Am'd 1873-4, 265."

Section 3301 of said Code is: "Damages must be certain. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin. En. March 21, 1872."

In the case of Westwater et al. v. Rector of Grace Church, 140 Cal. 339, 73 Pac. 1055, decided in 1903, the Supreme Court of California expressly holds that section 3301 of the Civil Code above quoted is in force, and that no recovery can be had in the courts of that state for damages for mental anguish caused by breach of contract. Both questions were necessarily involved in the decision of the case. A copy of the opinion in this case was introduced in evidence by the appellant. Beverly L. Hodghead, a member of the bar of California, testified by deposition as follows: "Neither the written nor the unwritten laws of California permit any recovery in damages for mental anguish suffered without accompanying physical injury, nor have the said written or unwritten laws of the state of California permitted any recovery of such damages from November 28, 1908, up to the present time. My reason for this statement is that the question of the right to recover damages for mental anguish suffered, when not accompanied by physical injury, has been repeatedly before the Supreme Court of California, and the right has invariably been denied. Neither the written nor the unwritten laws of the state of California now permit, or prior to November 28, 1908, to the present time, have permitted, or would have permitted, any recovery of damages for mental anguish suffered as a result of a failure to deliver a telegraphic message notifying the son that his mother is dead, or by reason of which failure the son failed to be at the funeral of his mother. * * * My reason for this statement is that the same rule of law applies to all cases involving the right to recover damages for mental anguish. There is no law of this state, written or unwritten, which places telegraph cases in any different class in this respect from other cases, or which excepts telegraph cases from the operation of the general rule with respect to damages of this character, as established by the decisions of the Supreme Court of this state. The question was presented in a telegraph case, Fairbanks (as I recall the name) v. Western Union Telegraph Company, tried in the superior court of the city and county of San Francisco, before Hon. Frank H. Kerrigan, presiding, who is now a member of the District Court of Appeals. I am not able to give the exact date of the trial, as the records were destroyed in the great fire. It was tried about five or six years ago, and plaintiff was represented by Mr. C. M. Jennings, of San Francisco, and the defendant by R. B. Carpenter, now of Los Angeles. The court decided, upon the authority of the two cases first above cited (Monroe v. Dredging Company, 84 Cal. 515 [24 Pac. 303, 18 Am. St. Rep. 248], and Morgan v. So. Pac. Co., 95 Cal. 510 [30 Pac. 603, 17 L. R. A. 71, 29 Am. St. Rep. 143]), that no damages could be recovered in California for sorrow, grief, or mental suffering when not accompanied by physical injury. There is now pending in

the justice court of the city and county San Francisco a suit entitled Florence Hartwig v. Western Union Telegraph Company, No. 21,363. The suit was filed to recover damages, among other things, for mental anguish suffered by the plaintiff caused by the failure to make prompt delivery of a telegram. Plaintiff is represented by Mr. R. L. Mann, an attorney of good standing in San Francisco, with offices in the Chronicle Building. I called his attention to the fact that, while such damages are recoverable in some of the states, they are not permitted in California. After an examination of the authorities, he admitted that such was the law, and forthwith dismissed his complaint as to that count. Most of the actions for damages of various sorts that are tried in San Francisco have for many years past been tried in department No. 5 of our superior court before the Honorable John Hunt, who has been the trial judge of that court for 29 years. He invariably instructs juries, when requested, that damages are not recoverable in California for mental suffering when unaccompanied by physical injury."

No testimony or evidence of any kind was offered by appellee as to what is the law of California upon the question of the right to recover damages for mental anguish unaccompanied by physical injury.

[1, 2] We think the evidence introduced by appellant, which we have set out above, conclusively shows that under the laws of California appellee is not entitled to recover damages for mental anguish caused by the failure of appellant to transmit and deliver the telegram. Whatever may appear to be the proper solution of the question of whether section 3301 of the Code of California, which was originally enacted in 1872, was suspended by section 3300, which was enacted in 1874, the courts of that state have decided that both sections are in force, and that decision is binding upon the courts of all other states. The same is true as to the construction and interpretation of said statutes. Powell v. De Blane, 23 Tex. 66; Bucher v. Railway Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Fowler v. Lamson, 146 Ill. 472, 34 N. E. 932, 37 Am. St. Rep. 163.

[3] It is well settled that the substantive rights and liabilities of the parties to a contract are determined by the lex loci contractus, and this rule has been uniformly applied in this state to contracts for the transmission and delivery of telegrams. Tel. Co. v. Cooper, 29 Tex. Civ. App. 591, 69 S. W. 427; Tel. Co. v. Waller, 96 Tex. 589, 74 S. W. 751, 97 Am. St. Rep. 936; Tel. Co. v. Young, 133 S. W. 512.

The appellant under appropriate assignments also attacks the fact finding of the trial court "that the telegram sent by plaintiff to Patterson, the telegram sent by Patterson to plaintiff in reply thereto, and the service message sent by defendant at the instance of plaintiff, was a continuous transaction." Upon this fact finding the court based the conclusion of law that the several telegrams constituted a continuous contract, and that the laws of this state govern or determine the right of appellee to recover damages for failure to deliver the message sent him by Patterson in reply to appellee's telegram.

[4] We cannot agree with the learned trial judge in this conclusion. The several telegrams relate to the same subject-matter, but each was sent under a separate contract. In receiving and transmitting the telegram of inquiry from plaintiff to Patterson, the appellant did not contract to receive, transmit, and deliver Patterson's reply to plaintiff. The contract for the transmission and delivery of the latter telegram was a distinct and separate undertaking from the contract for the transmission of preceding telegrams between plaintiff and Patterson. The contract for the transmission and delivery of the telegram set out in the petition, and for breach of which this suit was brought, was made in the state of California, and appellee's right to recover damages for mental anguish caused by such breach of contract is determined by the laws of that state. Our conclusion being that the undisputed evidence conclusively shows that the laws of the state of California do not permit a recovery of damages for mental anguish caused by a breach of contract, it follows that the judgment of the court below should be reversed, and judgment here rendered for appellant.

This conclusion renders a discussion of the remaining assignments presented unnecessary.

For the reasons above stated, the judgment of the court below is reversed, and judgment here rendered limiting appellee's recovery to the sum of $2.45, the amount paid for the transmission of the telegram.

Reversed and rendered.